MARY C. AGNEW, Respondent, v. METROPOLI-
TAN STREET RAILWAY COMPANY, Appel-
lant.

**Kansas City Court of Appeals, February 2, 1914.**

1. **NEGLIGENCE: Death by Wrongful Act: Street Railways: Ex-
plosion.** The plaintiff who is the widow of J. L. Agnew, de-
ceased, sued to recover for the negligent death of her husband
by the defendant street railway company. The plaintiff's hus-
band, while a passenger on one of defendant's street cars, was
standing on the rear platform, when an explosion of the con-
troller caused a' panic of passengers and he was knocked to
the street by the stampede and killed. *Held*, that plaintiff
to recover must show, first, that the peril or alarm must have
been caused by the negligence of the one against whom in-
demnity is sought; second, the apprehension of peril, from
the standpoint of the injured person, must have been reason-
able; and, third, the appearance of danger must have been
imminent, leaving no time for deliberation. On the other
hand the danger must be adjudged by the circumstances as
they appear, and not by the result.

2. ———: ———: ———: **Ownership.** Where the ownership of
a street railway is not combated, except by a general denial,
slight evidence tending to support the inference that the de-
fendant owns or operates the road will be sufficient.

3. ———: ———: ———: **Common Carrier.** A common carrier
is charged with the duty of exercising the highest degree of
care for the safety of its passengers, and it will. be held lia-
ble to respond in damages if the death of a passenger is due
to the slightest negligence in the performance of such high
duty.

4. **EVIDENCE: Prima Facie: Burden of Proof.** When an explo-
sion of a controller occurs on a street railway car, it is prima-
facie evidence that it has a negligent origin, and the burden
is on the defendant to prove by evidence that the explosion
was not caused by any.breach of duty on its part but by an
unavoidable accident.

Appeal from Jackson Circuit Court.—*Hon. James
E. Goodrich*, Judge.

AFFIRMED.

*John H. Lucas* and *Bruce Barnett* for appellant.

*Joseph G. Littick* and *Chas. A. Loomis* for respondent.

JOHNSON, J.—This is an action by the widow of J. L. Agnew, deceased, to recover damages resulting from his death which she alleges was caused by negligence of defendant. The answer is a general denial. Plaintiff recovered a judgment in the circuit court and defendant appealed.

The death of Agnew occurred at about six o'clock in the morning of November 11, 1909, near the intersection of Seventeenth and Wyoming streets in Kansas City. The petition alleges that this place is in Missouri but point is made that the proof fails to show whether it is in this state or in Kansas. This point will be dismissed with the observation that we find facts and circumstances adduced in evidence which support a reasonable inference that the place is in Missouri.

Agnew was a passenger on an electric street car operated by defendant at the beginning of the events which culminated in his death. We are asked to reverse the judgment on the ground that plaintiff failed to prove that defendant owned or was operating the car. We find no direct proof of ownership in the evidence but we do find that not only was the fact of ownership alleged in the petition and treated throughout the trial as proved, but the testimony of witnesses introduced by defendant contains statements of facts which strongly support the conclusion that the car and railroad were owned and operated by defendant. The master mechanic of defendant testified:

"Q. You are the street railroad master mechanic? A. Yes, sir, for the street railroad company. Q. How long have you been master mechanic? A. Seven years for this company. Q. How long before

that were you so engaged? A. Eleven years for other companies."

Further he testified, in effect, that as such master mechanic he had jurisdiction over the car in question, knew of the character of its mechanical and motive equipment and that its "apparatus is manufactured by the General Electric Company at Schenectady, N. Y. Practically all of our equipment is of that same characteristic, we have larger and smaller."

Testimony of equal pertinency was given by the superintendent of defendant and by its car inspector.

The rule in cases of this character, as stated by NORTONI, J., in Reisenleiter v. United Railways Co.. 155 Mo. App. l. c. 93, is that "slight evidence tending to support the inference that defendant owns or operates the road will be sufficient, where it is not combated, and, except for the general denial, there is no intimation that the defendant resists the claim on the ground that it was not the operator." This rule has received the approval of this court in Kerr v. Railroad, 113 Mo. App. 1; Oyler v. Railroad, 113 Mo. App. 375, and of the Supreme Court in Frisby v. Transit Co., 214 Mo. 567. We hold there is sufficient evidence to meet the requirements of the rule.

The evidence of plaintiff tends to show that while the car which was of the single truck type was running at a high and increasing rate of speed a violent and unusual explosion of the controller in the front vestibule occurred. There were loud detonations and a brilliant and continuous display of electric fire which seemed to run through the whole car. A large hole was blown in the side of the controller, intense heat was engendered and the car rapidly filled with smoke and obnoxious fumes. Most of the passengers became panic stricken at these terrifying manifestations and emanations and filed to the rear exit to escape. Agnew, who had been standing in the rear vestibule, was caught in the stampede and pushed from the car with such vio-

lence that he died almost immediately, from the effects of his consequent fall to the pavement.

Defendant contends, in support of its demurrer to the evidence, that the inference of a negligent cause of the explosion is conclusively refuted by evidence which shows occasional explosions in the controller or in the overhead apparatus may result from a number of causes which should be classed as unavoidable since modern science and ingenuity have not yet been able to eradicate them. But there is substantial contradictory evidence in the record to the effect that such outbursts generally are caused by negligence in the inspection and repair of the mechanism for transmitting, controlling and applying the power, or by negligence of the motorman in manipulating the lever controlling the power in a manner to admit at once a larger and more powerful current than the mechanism is intended to bear. There are facts and circumstances in evidence relating to the conditions and method under which the car was being operated which point to such negligence on the part of the motorman as the cause of the explosion.

Defendant, as a common carrier, was charged with the duty of exercising the highest degree of care for the safety of its passengers, and must be held liable to respond in damages if the death of its passenger was due to the slightest negligence in the performance of such high duty. [Bond v. Transit Co., 115 Mo. App. l. c. 209, and cases cited.]

The mere fact that an explosion occurred on the car is prima-facie evidence that it had a negligent origin and proof of such fact imposed on defendant the burden of showing by evidence that the explosion was not caused by any breach of duty on its part but by unavoidable accident. "Where the thing is shown to be under the management of the defendant or his servants and the accident is such as, in the ordinary course of things, does not happen if those who have the manage-

ment use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." [Hill v. Scott, 38 Mo. App. 1. c. 374.] The most that may be said of the evidence of defendant on this subject is that it raises an issue with the contradictory evidence of plaintiff. In such state of case we cannot say, as a matter of law, that defendant has met and overcome the prima-facie proof of plaintiff.

But it is argued that even if it be found that the cause of the explosion was negligence of defendant such cause must be held to be a remote and not the proximate cause of the injury which resulted from the unwarranted panic of the other passengers. No one was injured by the explosion and it is claimed that such occurrences, however startling and severe in appearance, are harmless to the occupants of the car and, therefore, that defendant, in the exercise of the highest degree of care, had no cause to anticipate that passengers would become so frightened at a thing so harmless and injure one another in a wild effort to escape.

Cases involving the question of the liability of a carrier for an injury caused by negligence in suddenly confronting the passengers with a real or supposed danger of imminent injury have been the subject of adjudication in this state and the rule has been applied that the test in such instances is not whether there was actual peril but whether there was an appearance of imminent danger that reasonably should have been anticipated as too terrifying for an ordinary company of passengers to face without injurious alarm. The rules which govern the solution of such cases thus are stated in Kleiber v. Railway, 107 Mo. 1. c. 249:

"First, the peril or alarm must have been caused by the negligence of the one against whom indemnity is sought; second, the apprehension of peril, from the

standpoint of the injured person, must have been reasonable, and, third, the appearance of danger must have been imminent, leaving no time for deliberation. On the other hand the danger must be judged by the circumstances as they appear, and not by the result.''

Applying these rules to the case in hand we find that such negligence should have been anticipated by defendant as being fraught with dangerous consequences to its passengers and, consequently, should be regarded as the direct cause of the injury. The passengers did not know that this sudden and unexpected volcanic eruption that surrounded them with fire and smoke and deafened them with its noise was harmless, and it was most natural for them to be alarmed and to alarm each other to an uncontrollable pitch. The injury was a natural consequence of the negligence and was within the scope of the results defendant should have anticipated might follow the act. No error was committed in overruling the demurrer to the evidence. We have sufficiently answered the argument of defendant addressed to the instructions. There is no prejudicial error in the record. The judgment is affirmed.

All concur.