No. 30,310.

IDA MAE WOODS, *Appellee*, v. THE KANSAS CITY, KAW VALLEY &
WESTERN RAILROAD COMPANY and THE KANSAS CITY PUBLIC
SERVICE COMPANY, *Appellants*.

(8 P. 2d 404.)

Opinion filed March 5, 1932.

*J. E. McFadden* and *O. Q. Claflin, Jr.,* both of Kansas City, for the appellants.

*Blake A. Williamson* and *James K. Cubbison,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Ida Mae Woods sued the Kansas City, Kaw
Valley & Western Railroad Company and the Kansas City Public
Service Company to recover for injuries sustained through the alleged negligence of the railroad companies while she was a passenger
on one of the cars that was operating in Kansas City and vicinity.

In the trial the jury found that she was entitled to recover and awarded her $2,000 for the injuries sustained. Defendants appeal, contending that their motion for judgment, notwithstanding the general verdict, should have been upheld; that there was error in the admission of evidence, error in refusing to submit certain special questions, complaint of the instructions, and that the verdict is excessive.

The plaintiff, a woman about thirty-eight years of age, weighing about 190 pounds, boarded a Kansas City, Kaw Valley & Western Railroad interurban car at a station ten miles west of Kansas City, and paid her fare to City Park, in Kansas City. The car was in three compartments, the front or smoking compartment, a vestibule compartment where passengers boarded and alighted, in the center of the car, and a rear or nonsmoking compartment. The smoking compartment was separated from the vestibule by a door. In the vestibule compartment there was a control box through which flowed the electric current from the trolley to other parts of the car and down to the rail. When the car reached City Park it was picked up by the Kansas City Public Service Company, to be transported to Tenth and Main streets, in Kansas City, Mo., by that company. She paid the extra fare to the latter company and was issued a transfer for use at any transfer point on the cars of the Public Service Company. Under an arrangement between the two railroad companies the city fares collected were divided between the two railroad companies, and the agents and servants of the Kaw Valley company continued in charge of the Kaw Valley car to its destination, and were in a way servants of both the Public Service Company and the interurban company while the interurban cars were being operated on its lines. After the interurban car had been picked up and was being transported by the Public Service Company, an explosion occurred in the vestibule or center of the car, in or near the control box, which was immediately followed by a blaze and a great amount of fire and smoke. This caused a panic among the passengers and they, including the plaintiff, attempted to get out of the car through the vestibule door, but were unable to do so. Windows were broken open and passengers jumped out of them in an effort to save themselves. The plaintiff undertook to get out of a front window of the car which had been broken open, and either fell or was pushed out by others seeking escape from the danger, upon the hard surface below, resulting in injuries to her, both external and internal.

She alleged that she was compelled to employ physicians and surgeons to the amount of $250 and pay hospital bills in the sum of $100, and in connection with her injuries she alleged that she lost time and wages of the value of $500. The plaintiff rested her case on the fact that she was a passenger of a common carrier, that she was injured without her fault, and that her injuries were the result of the passengers being thrown into a panic by reason of an explosion of smoke and fire on a street car which was under the control of both defendants, and that therefore the doctrine of *res ipsa loquitur* applies. It was not denied that plaintiff was a passenger upon the car, had paid her fare and that the explosion and perils alleged had occurred. The court instructed the jury that—

"When plaintiff boarded said car and paid her fare for transportation, . . . she became a passenger thereon, and it was the duty of the defendants to use the highest practicable degree of human skill, care and foresight to prevent injury to the plaintiff; and if you find from a preponderance of the evidence that plaintiff was such passenger and that there was a noise or an explosion followed by fire and smoke in said car in which plaintiff was riding at the time, the jury should presume from such occurrence that the car and its equipment was either defectively constructed and installed, or that there was some negligence on the part of the operator of said car which brought about such occurrence, and if as a natural consequence of such noise or explosion and fire the passengers upon said car and the plaintiff were put in fear and thrown into a state of excitement in their efforts to extricate themselves from what seemed to them a dangerous situation, and that plaintiff among said passengers in attempting to escape from said car under that fear and excitement, either fell or was pushed by other passengers from the car to the ground and injured, your verdict should be for the plaintiff in this case; unless from the evidence adduced by the defendant you believe and find that such noise or explosion and fire and smoke were not caused by any defective construction, lack of proper inspection and supervision on the part of the defendants or from any negligence in the operation of said car."

In another instruction the court said that—

"If you find from the evidence the plaintiff was injured through some act or conduct on her part which was in no way connected with her efforts to escape from what appeared to be imminent danger, then of course she would not be entitled to recover," etc.

The court further instructed that—

"The burden of proof in this case rests upon the plaintiff in the first instance to establish, by a preponderance of the evidence, the fact that she was a passenger upon said car, that there was such an explosion, noise or fire which would naturally and which did cause the passengers to be thrown into a panic, and she suffered injury as a result thereof. When the plaintiff has established to your satisfaction the state of facts immediately preceding, the burden then

rests upon the defendants to show by the evidence that such occurrence was not due to any defect in the construction of said car or to any negligence in the matter of supervision or inspection of the equipment or in the operation of the car."

It is the contention of the plaintiff that the doctrine of *res ipsa loquitur* applies, but this is contested by the defendants, who insist that that doctrine cannot be invoked where defendants are charged jointly with negligence. They say that in this case the negligence, if any, was of one defendant alone, and that for any damages or injury arising from a failure to inspect, the other defendant is alone responsible. The jury found against both defendants, holding both were guilty of negligence.

The facts show that this was clearly a case for the application of the maxim *res ipsa loquitur*. When the plaintiff proved that she was a passenger on the car, that the explosion occurred, followed by flame and smoke, it was natural that a panic would ensue and that the passengers would attempt to hurriedly escape from the burning car. The plaintiff, of course, has the burden to make out a case of negligence on the part of the defendant, but when she had shown she was a passenger, the explosion and fire in the car, and that the car and its equipment were within the control of defendants, together with her injury, she had made a *prima facie* case of negligence of the defendants. It then devolved upon defendants to prove as a matter of defense that the accident was for some cause beyond the defendants' responsibility, as by act of God or some unavoidable cause. In *S. K. Rly. Co. v. Walsh*, 45 Kan. 653, 26 Pac. 45, it was held:

"Where a passenger brings an action to recover for injuries resulting from the derailment of the train on which he was riding, and therein shows the occurrence of the accident and the extent of his injuries, a *prima facie* case is made out in his favor, and the burden is thrown upon the railway company to show that the injury did not result from a want of care upon its part." (Syl. ¶ 1.)

See, also, *Mo. Pac. Rly. Co. v. Johnson*, 55 Kan. 344, 40 Pac. 641; *Railroad Co. v. Burrows*, 62 Kan. 89, 61 Pac. 439; *Railway Co. v. Brandon*, 77 Kan. 612, 95 Pac. 573; *Cloud v. Traction Co.*, 103 Kan. 249, 173 Pac. 338; *Mayes v. Kansas City Power & Light Co.*, 121 Kan. 648, 249 Pac. 599.

*Firebaugh v. Seattle Electric Co.*, 40 Wash. 658, involved a similar question. There the plaintiff was a passenger on a street car. The controller, machinery and appliances of the car exploded and

filled the vestibule thereof with smoke and flames to such an extent that all the front portions of the car became greatly heated; that by reason of the apparent danger the plaintiff believed that the only way he could save himself was to jump from the car, and without time to deliberate and acting on the instinct of self-preservation he jumped from the car and struck against hard substances and was thereby injured. It was held that a presumption of negligence arose on the blowing or burning out of the controller on an electric street car by which the passenger was injured, made a case of *prima facie* negligence on the part of the carrier and it became a question for the jury to determine whether the carrier which had absolute control of the controller had shown circumstances which overcame the *prima facie* case of negligence. It was decided that—

"A presumption of negligence attends the blowing or burning out of the controller on an electric street car to the injury of a passenger in the car."

Other cases involving similar facts in which the rule was applied and similar conclusions reached, are *Union Traction Co. v. New-Miller*, 215 Ill. 383; *Louisville, etc., Traction Co. v. Worrell*, 44 Ind. App. 480; *Agnew v. Railway*, 178 Mo. App. 119. A superintendent of the interurban company stated that he inspected the car after the accident and found that there was fire in the vestibule where the cable came down from the trolley and passed to the control equipment, and found that the insulation had burned off. He said they gave the equipment a general inspection every three days, and then about every thirty days they made minute inspection of the electrical appliances. This cable carried 600 volts from the trolley down to the master control, and if the inspection showed a leak they either put in a new cable or repaired the defective one. The insulation on this cable burned, he stated, because of a leak through the insulation. He said he didn't make the inspection himself, but had it done by others under his supervision. He further stated that the insulation does wear off, and in this matter he attributed the wearing out of insulation to the leakage of electricity. The evidence of defendants does not establish the necessary exculpation of the defendants for the accident. It was a question for the jury and it had a right under the evidence to find that the defendants had failed to show that the explosion occurred without their fault, and therefore had failed to exercise the high degree of care which they owed to plaintiff as a passenger.

It is contended that the plaintiff charged specific acts of negligence, and that under the authority of *Byland v. Powder Co.,* 93 Kan. 288, 144 Pac. 251, and other cases, the plaintiff is not allowed to rely on a *prima facie* case that the accident spoke for itself. It appears in the present case that the allegations of the petition were general rather than specific as to the explosion. Plaintiff alleged: "That the agents and servants of the defendants so carelessly and negligently inspected, maintained and operated said car as to cause the same to explode, catching on fire, and that the plaintiff was placed in imminent danger of being burned to death or cremated, and in order to escape," etc. It will be seen that the plaintiff did not undertake to state and could not well state the defects in the complicated electric machinery and appliances which caused the explosion, and she only stated that the defendants so operated and maintained the passenger car as to result in an explosion. It was entirely unlike cases cited by defendants where it was alleged that the defendants in operating the car had failed to equip the car with certain necessary appliances to prevent sand or grit from getting into the machinery with other inflammable and explosive materials, and that its servants were negligent in several particulars that were stated; nor was it like a case where it was charged that an elevator fell by reason of certain defective parts that rendered it unsafe; nor was it like a case in which it was alleged that a company operating a car was negligent in suddenly starting the car with great force which threw plaintiff down and injured her; nor can it be regarded as similar to a case where the allegation was that plaintiff was wrongfully ejected from a car while the train was in motion, and other similar cases in which the allegations of negligence were held to be specific. Here the charge was general, as general as it could well be to state a cause of action. Plaintiff alleged that it was so maintained and equipped as to cause an explosion and to catch on fire, by reason of which she was injured. The allegations as to the cause of the explosion and fire were not specific enough to take the case out of the doctrine of *res ipsa loquitur.*

There is also a contention that the case is taken out of the doctrine because there were two defendants concerned in the operation and that the explosion occurred while it was in charge of but one of them. The employees of one company were caring for the car, while the other was transporting it. The defendants had a joint arrange-

ment, as we have seen, for the operation of the car in which the servants of the interurban company continued in charge of the car after it was taken up and carried on by the public service company. There was an agreed division of the fare collected for the service. Each company had a duty to perform in the operation of the car, and to see by inspection that the car was in a fit condition and could be operated with safety to passengers. Where two or more parties cause injury to a third person they are jointly and severally liable and they cannot by means of their contract for the joint operation relieve themselves from liability by contract or other arrangement for their concurrent wrongdoing. (*Kansas City v. Slangstrom*, 53 Kan. 431, 36 Pac. 706; 5 R. C. L. 59.)

We find nothing substantial in the objections to rulings on the admission of evidence.

There is also a complaint that the court did not submit to the jury certain special questions presented by defendants. It is obvious that the questions related to matters not fairly covered in the evidence and the court could not rightly ask the jury to find facts not in evidence and not pertinent to the issues in the case. (*Mayes v. Kansas City Light & Power Co.*, supra.)

No ground is seen for the complaint made as to the instructions.

There is a further complaint that the verdict is excessive. From the evidence of physicians the injuries sustained were of a serious nature, one of them being permanent in character. The amount found by the jury has been approved by the court, and we are unable to say that it is so excessive as to warrant a reversal or a diminution of the amount.

The judgment is affirmed.