No. 33,480

JAMES R. BURNETT, a Minor, by M. L. BURNETT, His Father and Next Friend, *Appellee,* v. THE KANSAS CITY PUBLIC SERVICE COMPANY, *Appellant.*

(72 P. 2d 72)

Opinion filed October 9, 1937.

*Edwin S. McAnany, Thomas M. VanCleave, Willard L. Phillips* and *Bernard W. Alden,* all of Kansas City, for the appellant.

*Blake A. Williamson, James K. Cubbison* and *Lee Vaughn, Jr.,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages. Judgment was for plaintiff. Defendant appeals.

The petition, after alleging the necessary formal matters, stated that the defendant's bus, in charge of its operator, "was so carelessly and negligently operated and controlled that said bus, without warning to the plaintiff, was caused to be operated upon, onto and against the person of the plaintiff, pinning or causing said plaintiff to be violently thrown to the ground and injured."

The answer was a general denial and an allegation of contributory negligence.

The plaintiff, an eleven-year-old boy, testified that he was walking along the sidewalk and the bus swung up and hit him. On cross-examination testimony was given by him from which a fair inference is that he was on the sidewalk and the bus was driven so close to the sidewalk that part of it projected over and hit him.

The evidence of the defendant was that a group of children were playing tag as they came home from school, and that plaintiff, while being chased by another boy, ran into the side of the bus.

The jury found for the plaintiff and answered special questions in such a manner as to negative the above defense of the bus company. The jury also made the following answer to a special question:

"No. 7. If you find for plaintiff, state specifically each act of carelessness and negligence upon the part of defendant that caused or contributed to his injury. A. Failing to stop when operator saw children, and stopping too close to curb on an angle."

At the close of the trial motions to set aside the answers made to the special questions because the answers were contrary to the general verdict, inconsistent with each other and unsupported by evidence, and inconsistent with the general verdict, were filed. These motions were overruled, as was the motion for a new trial. The gist of the defendant's argument in this court is that the answer to question No. 7 is a finding of negligence other than the negligence that was pleaded in the petition, and the cases wherein this court has held that where certain negligence is pleaded in the petition and other specific acts of negligence other than those alleged are found by the jury then this finding acquits the defendant of the negligence pleaded and there can be no recovery. These cases are

not in point here for the reason that the negligence pleaded is that the defendant so negligently operated its bus that without warning it knocked the plaintiff down. It is difficult to see how the jury could have answered question No. 7 in a way that would have established the negligence pleaded any better than did the answer to the above question.

If the operator did stop too close to the curb and on an angle he must have driven his bus to that point or he could not have stopped there, and if he drove his bus so that it stuck over and onto the sidewalk and hit plaintiff that certainly was negligence.

The allegations of the petition were sustained by the findings of the jury. (See *Woods v. Kansas City, K. V. & W. Rld. Co.,* 134 Kan. 755, 8 P. 2d 404, and cases cited.)

The judgment of the trial court is affirmed.