No. 36,744

HENRY ALBERT TRUHLICKA, *Appellant*, v. BEECH AIRCRAFT CORPORA-
TION, *Appellee*.

(178 P. 2d 252)

Opinion filed March 8, 1947.

*Carl I. Winsor,* of Wichita, argued the cause, and *Harlin E. Bond* and
*Rupert Teall,* both of Wichita, were with him on the briefs for the appellant.

*William C. Hook,* of Wichita, argued the cause, and *Claude I. Depew, W.
E. Stanley, Lawrence Weigand, Lawrence E. Curfman, Byron Brainerd* and
*William C. Kandt,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover damages for personal
injuries. Judgment was for defendant sustaining its demurrer
to plaintiff's amended petition. The plaintiff has appealed.

The amended petition alleged that the defendant was a corpora-
tion licensed to do business as a concern manufacturing airplanes;
that on January 3, 1945, without fault on his part, plaintiff was
injured as the proximate result of the negligence of employees of
defendant; that plaintiff is a painter by trade and on January 3,
1945, was employed by one Ed Coultis who was working under a
separate contract employing several men, among them plaintiff,
painting a building of defendant known as "Plant Number One."
The petition then contained allegations which on account of their
importance in this appeal will be set out here, as follows:

"That on January 3, 1945, at about 10:00 a. m. this plaintiff was on a ladder, at or near the top thereof, which ladder was approximately thirty feet in height, at work, painting over his head, holding his paint brush in his right hand; that there is, and was at all times pertinent herein, an overhead traveling crane in said Plant Number One; that said crane, and the tracks upon which it ran, and operated, were at about the same height, above the floor, as was this plaintiff, as he worked, painting over his head, as aforesaid, on said ladder; that at said time and place, while this plaintiff was at work, the operator of said traveling crane, one Bartel, then and there the duly authorized and acting agent, servant, and employee, of the defendant company, and at the direction of the defendant, suddenly, and without any warning of any kind or character, started said crane in motion, and ran said crane toward, onto, and against this plaintiff; that all times pertinent herein the plaintff upon his ladder was in full, plain and unobstructed view of said crane but that notwithstanding said facts, said operator, Bartel, continued to operate and propel said crane toward, upon, and into this plaintiff, in such manner as to catch, and enmesh the right hand and arm of this plaintiff in the machinery of said crane, mangling said right hand and arm, simultaneously knocking the ladder upon which the plaintiff had been working to the floor, thus leaving the plaintiff hanging by his right hand and arm; that before the plaintiff's helper could raise the fallen ladder to attempt to rescue the plaintiff, said defendant company, acting by and through its duly authorized and acting agent, servant, and employee, the said crane operator, Bartel, so manipulated the machinery of said crane that the plaintiff was freed from said crane, and was dropped with great force and violence to the concrete floor approximately thirty feet below;

"The plaintiff further alleges that said accident and resulting injuries to him were the result of the carelessness and negligence of the defendant company as follows:

"(a) By reason of the carelessness and negligence of said crane operator in using and operating said overhead crane, and the carelessness and negligence of said defendant company in maintaining said overhead crane.

"(b) Plaintiff says he does not know and it is not within his knowledge whether said accident was caused by improper or defective equipment of said defendant company or by the improper, negligent and careless operating of said overhead crane by said Bartel, but that the same is within the knowledge of the defendant company."

The foregoing is referred to in the record and in this opinion as paragraphs 5 (a) and 5 (b).

Damages were asked in the amount of $89,000.

To this amended petition the defendant first interposed a motion to require the plaintiff to make his petition more definite and certain in certain particulars, also a motion to require the plaintiff to elect whether he would rely for recovery on the specific negligence charged in his amended petition or on the character and fact of the accident alone, as alleged in paragraph 5 (b) of his amended petition.

On the argument of this motion counsel for plaintiff announced in open court that the cause of action in plaintiff's amended petition was based upon the doctrine of *res ipsa loquitur* exclusively. Counsel for plaintiff also advised the court by letter that plaintiff asked leave to amend his amended petition by striking therefrom the words "willfulness" and "wantonness." This leave was granted.

The first paragraph of the motion of defendants to require plaintiff to make his petition more definite and certain asked that he state how and in what manner the defendant was negligent, careless, willful and wanton. This paragraph of the motion was overruled because of the election to proceed under the doctrine of *res ipsa loquitur* and the striking from the petition of the above words.

In paragraph 2 of the motion to make definite and certain defendant asked that plaintiff be required to state upon what rung of the ladder he was standing at the time of his injury. The trial court overruled this motion on the ground that it would require the plaintiff to plead his evidence.

In the third, fourth and fifth paragraphs of the motion defendant asked that plaintiff be required to state what part of the crane ran against the ladder, what part of the crane caught the hand of plaintiff and what part of the crane knocked the ladder to the floor. These were all overruled because the plaintiff had announced that he intended to rely upon the doctrine of *res ipsa loquitur*.

In paragraph six of the motion defendant asked that plaintiff be ordered to state how he was dropped and thrown to the floor by the crane. The trial court overruled this motion because plaintiff asked and was given leave to strike the word "thrown" from his petition.

In the seventh paragraph of the motion defendant asked that the plaintiff be ordered to state with definiteness and certainty in subsection (a) of the fifth paragraph what the carelessness and negligence of the crane operator was. The court overruled this motion because the plaintiff had expressed intention to rely upon *res ipsa loquitur* exclusively.

In the eighth paragraph of the motion defendant asked that plaintiff be required to state how the acts described were willful, wanton, grossly careless and negligent. This was overruled and defendant's motion to strike from the amended petition references to willfulness, wantonness and grossness was sustained.

Defendant asked in its motion that plaintiff be ordered to strike

subsection .(b) of the fifth paragraph for the reason that it constituted no part of an affirmative allegation of plaintiff's purported cause of action. This motion was overruled because plaintiff had announced that he was relying exclusively on the doctrine of *res ipsa loquitur*.

The defendant in its motion to strike also asked that the three paragraphs describing the injuries be stricken. This was overruled.

The motion of defendant to require plaintiff to elect whether he would rely for recovery on the specific acts of negligence charged in the amended petition or upon the character and fact of the accident alone as alleged in paragraph 5(b) of his amended petition was overruled because plaintiff had announced in open court that his cause of action was based exclusively on the doctrine of *res ipsa loquitur*.

The result of all these motions and the court's ruling on them was that the plaintiff was in court with a petition that stated he was at the top of a thirty-foot ladder painting, with his back turned to the moving crane, and an employee of defendant without warning ran the crane against the ladder, and knocked it down and caught the hand of plaintiff in the machinery, held him in the air for a while, then dropped him to the cement floor, injuring him.

Subparagraph 5 (a) was out. All that remained of paragraph 5 was subparagraph 5(b). For the sake of emphasis it will be repeated here:

"(b) Plaintiff says he does not know and it is not within his knowledge whether said accident was caused by improper or defective equipment of said defendant company or the improper, negligent and careless operating of said overhead crane by said Bartel, but that the same is within the knowledge of the defendant company."

To this amended petition defendant interposed a general demurrer on the ground that it did not state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant.

The trial court sustained this demurrer and in a letter announcing its decision said:

"The Court is of the opinion an action at common law cannot be maintained in this case, relying principally upon Bailey v. Mosby Hotel Co., 160 K. 258 and Hoffman v. Cudahy Packing Co., 161 K. 345.

"Also, the doctrine of res ipsa loquitur does not apply, relying principally upon Sipe v. Helgerson, 159 K. 290 and Starks Food Markets Inc. v. El Dorado Refining Co., 156 K. 577."

On account of the conclusion we have reached it will be necessary to consider both these reasons.

The basis for the first reason was that the plaintiff should have sought to recover under the workmen's compensation act.

It will be remembered that the third paragraph of the amended petition was as follows:

"Plaintiff further alleges that he is, and was, at all times pertinent herein, by trade, a painter, which trade he had followed for many years prior to January 3, 1945, and on said date he was employed by Ed Coultis, who in turn was working under a separate contract, employing several men, among them, this plaintiff, painting the interior of that building of the defendant company, known as Plant Number One."

Defendant argues that this action is controlled by G. S. 1935, 44-503. That section reads as follows:

"Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business or which he has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him;"

The action was argued in the court below and submitted here on the theory that if the plaintiff could recover under the workmen's compensation act then he could not maintain this common law action for damages and that the trial court was correct in sustaining the demurrer on the first ground.

Workmen's compensation is entirely a matter of statute. The question is whether under the facts pleaded in the petition the plaintiff is under the act. Considerable attention has been paid in this opinion to the motion of defendant to require plaintiff to make his petition more definite and certain. This was done because the defendant made a strenuous effort to have that part of the petition describing the manner in which the injury occurred made definite and certain but was satisfied to level his demurrer at the petition just as it was at first drawn as far as the relationship of the parties was concerned. There we have the simple statement that the defendant was in the business of manufacturing airplanes and parts, and on the date of plaintiff's injury he was employed by Ed Coultis, who in turn was working under a separate contract employing several men, among them plaintiff, painting the interior of a building of defendant, known as Plant Number One. That is all we know from this petition about the relationship of the parties. The action is brought against the aircraft corporation. The plaintiff was not

employed by that company. The only relationship between the plaintiff and the aircraft company is that the aircraft company had contracted with the employer of plaintiff to do certain work and plaintiff was working for this person with whom the aircraft company had contracted.

Defendant bases its argument that plaintiff should have made a claim under the workmen's compensation act on the provisions of G. S. 1935, 44-503, which has already been quoted in this opinion. That section provides that "Where any person (in this section referred to as principal)"—that under the allegations of the petition in this case would be the aircraft company—"undertakes to execute any work"—that would be under the allegations of this petition painting the interior of that building of the defendant company known as Plant Number One—"which is a part of his trade or business"—these words refer back to the person to whom reference was made in the first of the section and means here the aircraft company—these words will be discussed a little later—"and contracts with any other person (in this section referred to as the contractor)" —in this petition these words refer to Coultis the employer of plaintiff—to do "any part of the work undertaken by the principal"— these words refer to the work to which reference was made in the first sentence of the section and mean "work which is a part of" the trade or business of the aircraft company—"the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him."

It seems that to bring a workman under this act he must have been doing work which was a part of the "trade or business" of the principal.

Defendant argues that the allegations of this petition compel a conclusion that the work plaintiff was doing when he was hurt was a part of the trade or business of the aircraft company.

The question is not free from doubt. In *Bailey v. Mosby Hotel Co.*, 160 Kan. 258, 160 P. 2d 701, the plaintiff was employed by a contractor "to clean, wax and polish" the floors of the coffee-shop, an eating place on the first floor of the hotel building. He alleged he was injured by the negligence of the hotel company while on his way to start polishing and waxing the floors. He brought a common law action against the hotel company. The hotel company argued that the plaintiff was under the workmen's compensation act under the provisions of G. S. 1935, 44-503. We so held and said:

"The third contention, strongly urged by appellant, is that cleaning and waxing floors was no part of appellee's regular business as operator of the hotel. It must first be noted that although appellant argues that the evidence would disclose that the work was to be done 'by a special process' the pleadings contain no such allegation. Plaintiff simply alleged in his petition that the contract was to 'clean and wax the floor'. In the reply it was alleged that the work was to be done 'according to the plaintiff's and his employer's own methods.' If the latter be regarded as enlarging the allegations of the petition in a manner to state a new cause of action then it must be disregarded under the rule of law heretofore stated. However, we need not consider it so significant. There is no averment that the employer's 'own method' was specialized, out of the ordinary, or one requiring unusual equipment.

"We do not think it necessary to labor the point. It is common knowledge that cleaning and waxing the floor of an eating place is common practice. It could almost be said to be a routine matter in any well-conducted eating place. According to the petition the eating place in question is the coffee-shop in a ten-story hotel." (p. 264.)

It should be noted, we said, "cleaning and waxing the floor of an eating place is common practice." "It could almost be said to be a routine matter." The decision on that point turned on the above conclusion. Here the petition does not state whether the painting being done by plaintiff was on a new building under construction or a building that had been constructed for some time and was being painted as a matter of maintenance. The petition does not disclose whether the plaintiff was under the supervision of defendant or not. We are not prepared to say just what difference these facts would make because the question was not briefed but in the absence of a motion to require the petition to be made more definite and certain, on a demurrer the petition will be construed in favor of the plaintiff.

The petition alleged that defendant was organized and licensed to do business as a concern manufacturing airplanes and parts. It was having the interior of the building painted. Was such painting a part of its trade or business?

The authorities are carefully reviewed in *Bailey v. Mosby Hotel Co.*, supra. *Bittle v. Shell Petroleum Corp.*, 147 Kan. 227, 75 P. 2d 829, was a case where the petroleum corporation made a contract with one Churchill, who was engaged in the business of welding, to come upon one of its leases and weld a boiler. Churchill sent one of his employees on the lease to carry out the work. He was injured by the negligence of the petroleum company and brought a common law action. The company argued that pursuant to the provisions of

G. S. 1935, 44-503, he should have made a claim under the workmen's compensation act. We held:

"In an action for damages for injuries sustained by plaintiff when a truck in which he was riding struck and broke a gas pipe line laid across a private roadway on defendant's premises, where, the escaping gas caught fire and severely burned the plaintiff, the petition examined, and held, that as against a demurrer its allegations touching the facts of the accident and the cause of plaintiff's presence on defendant's premises at the time and place did not show that plaintiff's right of redress was governed by the workmen's compensation act, and did plead a common-law action for damages for the negligence alleged.

"Under the facts stated in the petition and summarized in the opinion, plaintiff's immediate employer was an independent contractor; and plaintiff's legal right of redress against defendant was not governed by the workmen's compensation act." (Syl. ¶¶ 1, 2.)

*Lehman v. Grace Oil Co.*, 151 Kan. 145, 98 P. 2d 430, was a case where the oil company was owner and operator of an oil and gas lease. Will Ashcraft was engaged in the business of moving houses, the oil company made a contract with Will Ashcraft to move a house onto the lease and Ashcraft employed Lehman to help him with the job. While working on the moving job Lehman was injured by a low hanging telephone wire. Lehman made a claim for workmen's compensation. The commissioner of workmen's compensation and the trial court denied compensation. The workman conceded on appeal that Ashcraft was employed by the oil company to move the building and that Lehman was employed solely by and was under the supervision and control of Ashcraft. Lehman contended that under the provisions of G. S. 1935, 44-503 (a) it was immaterial whether the trade or business in which Ashcraft was engaged was the trade or business of the oil company if the work in which claimant was engaged facilitated or advanced the interests of the business in which the oil company was engaged. We analyzed several authorities upon which the workman relied and pointed out that these cases turned upon the fact that the work being done by the injured workman was part of the business of the respondent and a necessary incident to the prosecution of its primary business. We cited *Bittle v. Shell Petroleum Corp.*, 147 Kan. 227, 75 P. 2d 829; *Setter v. Wilson*, 140 Kan. 447, 37 P. 2d 50, and *Shrout v. Lewis*, 147 Kan. 592, 77 P. 2d 973. We then inquired as to what the business of the independent contractor—that of moving buildings—had to do with the trade of the oil company and said "obviously nothing." We said further—

"In other words claimant was not injured in work which was a necessary incident *of* operation, but in specialized work which was designed to equip the lease *for* operation. That trade or business of the independent contractor, according to the evidence, was a specialized trade or business, which, first, was no part of the trade or business of the principal, the oil company, and second, was not work which the principal had contracted to perform for anyone. A careful examination of the subdivision (a) of the statute will clearly disclose the principal is not liable for compensation unless the work falls within one of the two classifications above stated." (p. 153.)

The appellee here cites and relies upon *Hoffman v. Cudahy Packing Co.*, 161 Kan. 345, 167 P. 2d 613, and *Swift v. Kelso Feed Co.*, 161 Kan. 383, 168 P. 2d 512.

We have examined those cases and have concluded they do not quite support appellee's contention.

See, also, *Horrell et al. v. Gulf & Valley, etc., Co. Inc.*, 15 La. App. 603, 131 So. 709; and note in 150 A. L. R. 1214. We have concluded, therefore, that the allegations of this petition do not compel a conclusion that the work upon which plaintiff was engaged was a part of the work or business of the defendant, and as far as the first reason assigned for sustaining the demurrer the trial court was not correct.

This alone does not compel a reversal of the judgment, however. It will be remembered that the court also sustained the demurrer on the ground that the doctrine of *res ipsa loquitur* did not apply, that is, the court held that the action was one where specific acts of negligence should have been pleaded rather than a statement such as is contained in paragraph 5 (b) of the petition that the plaintiff did not know and it was not within his knowledge whether the accident was caused by improper or defective equipment or the improper negligence and careless operating of the crane but that all this information was within the knowledge of the defendant company.

It will be remembered the defendant filed several motions directed at this portion of the petition with the result that plaintiff announced in open court and took the position that he was depending upon the doctrine of *res ipsa loquitur*.

The trial court in sustaining the demurrer to the petition on the ground that the doctrine of *res ipsa loquitur* did not apply cited *Sipe v. Helgerson*, 159 Kan. 290, 153 P. 2d 934, and *Starks Food Markets, Inc., v. El Dorado Refining Co.*, 156 Kan. 577, 134 P. 2d 1102. Consideration of whether the ruling was correct may well start with an examination of the opinions in those two cases.

The Foods Market case was one where a truck containing a large quantity of gasoline, then operated by the defendants, was driven into the garage for the purpose of delivering gasoline to the tenant operating it and that while delivery of gasoline from the tank truck was being made by the driver "to one of the portable gasoline tanks of said tenant within such garage and that while said gasoline tank truck was then and there standing within said garage in the rear portion of it . . . said driver negligently and carelessly caused, allowed, suffered and permitted the ignition of gasoline and a fire in and about said tank truck and portable tank" causing an extensive fire and resulting in damages specifically alleged. The petition contained a further allegation as follows:

"That at the time of such delivery of gasoline from said tank to such portable tank and at the time of said ignition of said gasoline and accompanying fire there was no other person in said garage except said driver of said tank truck and said gasoline were then and there within and under the exclusive and sole control, care and supervision of defendants . . . and that said ignition and accompanying fire resulted solely from causes then and there existing which were then and there within the exclusive and sole control and knowledge of defendants." (p. 580.)

The plaintiff relied upon the doctrine of res ipsa loquitur. The trial court overruled defendants' demurrer to the petition. In reversing we said:

"It is first observed that the doctrine of res ipsa loquitur, which means 'the thing speaks for itself' is a rule of evidence and not of substantive law. (Mayes v. Kansas City Power & Light Co., 121 Kan. 648, 650, 249 Pac. 599; Stroud v. Sinclair Refining Co., 144 Kan. 74, 76, 58 P. 2d 77; 38 Am. Jur. 994; 45 C. J. 1196.) However, it has been held that cases dealing with the doctrine as a rule of evidence are authority on the question of pleading in such cases (45 C. J. 1082). Such a holding appears to be sound for it would seem that for a petition to be sufficient, it must contain allegations of fact which, if proved, would warrant application of the doctrine. We therefore may consider our own decisions, where sufficiency of proof was under consideration, as well as other authorities.

"It is settled law that the mere fact an accident happens or an event occurs in which injury results is not sufficient to establish liability; that negligence is never presumed but must be established by proof; that where direct proof is lacking the circumstances may be proved, and if they are such as to leave no reasonable conclusion to be drawn other than that the defendant be at fault, they may be shown to make a prima facie case, and to warrant application of the doctrine of res ipsa loquitur. Of course if the plaintiff proves specific negligence the doctrine does not apply. Nor where it may apply, is the defendant precluded from showing an intervening cause, the act of a third person causing the injury, vis major, or other proper

defense to relieve himself of liability. See *Mayes v. Kansas City Power & Light Co.*, and *Stroud v. Sinclair Refining Co.*, supra. See, also, 45 C. J. 1210, and 38 Am. Jr. 997.

"The doctrine is based in part on the theory that a defendant in charge of an instrumentality which causes the injury has either knowledge of the cause or the best opportunity of ascertaining it, while a plaintiff is without such knowledge and must rely upon proof of circumstances in order to establish that the injury would not have occurred except for the defendant's negligence." (p. 581.)

After stating the above rule we pointed out various circumstances the petition did not allege and which might very well have been the cause of the fire. We said:

"If on trial the facts alleged were all that were shown, the trier of the fact could only indulge in conjecture as to the cause of the fire. In such case the doctrine of *res ipsa loquitur* should not be applied." (p. 583.)

The holding in *Sipe v. Helgerson,* supra, is to about the same effect.

We see no reason to depart from the rule announced in those two cases and the authorities cited in the opinions. Our trouble comes from applying this rule to the facts pleaded in this petition. In the first place, the petition pleads that plaintiff was at or near the top of a thirty-foot ladder, a place where under the allegations his duty as a painter took him. A dangerous place, no doubt, but the ceilings of rooms thirty feet high must be painted and one means of doing that job is by men at the top of thirty-foot ladders; that he was painting over his head, the work he was hired to do. The petition then tells how there was an overhead crane there at about the same height as the plaintiff on the ladder and that while he was working with his back to the crane an agent of defendant without warning ran the crane against the plaintiff so as to catch his right hand in the machinery and at the same time knocked the ladder down so that plaintiff was hanging from the crane by his right hand and that the agent of defendant so operated the crane that plaintiff was suddenly released and dropped to the cement floor. For the purpose of this opinion it will be presumed that the plaintiff could prove every fact above stated. If so, we could not say he had not established a cause of action against defendant. The facts are peculiarly well adapted to the fundamental reasoning of the doctrine of *res ipsa loquitur.* The reason the doctrine was adopted in the first place was to permit recovery when the agency causing the damage was in the possession of and under the control of one of the

parties so that it was impossible for the injured party to state just what caused the damage, so long as the circumstances which could be proved under the allegations would lead to no other reasonable conclusion than that the defendant was at fault. See *Sipe v. Helgerson*, supra; also *Clarke v. Cardinal Stage Lines*, 139 Kan. 280, 31 P. 2d 1; *Mayes v. Kansas City Power & Light Co.*, 121 Kan. 648, 249 Pac. 599.

Defendant argues here that since under the allegations of this petition two instrumentalities were involved, that is, the crane and the ladder, and since only one of them was under the control of defendant the doctrine of *res ipsa loquitur* may not be relied on. The allegations plead that defendant was on the ladder painting, as he had a right to be. He might as far as the petition shows have continued painting without injury until quitting time, when he could have descended from the ladder, put his brushes away and gone home, there to spend a peaceful evening secure in the consciousness of a day's work well done without being injured, had it not been for the crane knocking the ladder from under him, and suspending him in mid-air. The ladder was not an instrumentality of the injury. It was simply one of the working tools of plaintiff. Furthermore under the doctrine of *res ipsa loquitur* the defendant could in answer to this petition plead and prove, if facts warranted, that there was another cause of the injury not under its control. See *Starks Food Markets, Inc., v. El Dorado Refining Co.*, supra; *Mayes v. Kansas City Power & Light Co.*, supra; also *Stroud v. Sinclair Refining Co.*, 144 Kan. 74, 58 P. 2d 77.

Defendant argues that the doctrine does not apply because the injuries may have resulted from other causes than the fault of the defendant. It argues that plaintiff could have been unnecessarily alarmed and jumped from the ladder when he saw the crane in motion; he could have slipped from the ladder; he might have become frightened and fallen from the ladder; the ladder might have slipped, throwing him therefrom.

The rule is that in order to make *res ipsa loquitur* inapplicable the facts must warrant a reasonable conclusion that some cause other than the negligence of the defendant caused the injury. It would not be reasonable to conclude from the allegations of this petition that any of the contingencies mentioned happened. The petition alleged as clearly as the use of words permits that while plaintiff was working the agent of defendant caused the overhead crane

to hit plaintiff and the ladder upon which he was standing and knocked the ladder from under him, while holding him in the air by his hand.

Furthermore, even though the action be based on *res ipsa loquitur* the defendant may by way of answer allege and prove if the facts warrant that the injury was the result of some intervening cause or it may plead and prove any proper defense. See *Starks Food Markets, Inc., v. El Dorado Refining Co.*, supra; also *Mayes v. Kansas City Power & Light Co.*, supra; *Stroud v. Sinclair Refining Co.*, supra; 45 C. J. 1210, and 38 Am. Jur. 997.

The judgment of the trial court is reversed.

HARVEY, C. J., and BURCH, J. dissent from paragraph 2 of the syllabus and the corresponding part of the opinion.