Harry E. Primm, *Appellant,* v. Kansas Power and Light Company, *Appellee.*

No. 38,607

Albin Carlson, *Appellant,* v. Kansas Power and Light Company, *Appellee.*

No. 38,608

L. S. Gearhart, *Appellant,* v. Kansas Power and Light Company, *Appellee.*

No. 38,609

Marvin H. Fowler, *Appellant,* v. Kansas Power and Light Company, *Appellee.*

No. 38,610

Kenneth C. Hahn, *Appellant,* v. Kansas Power and Light Company, *Appellee.*

No. 38,611

Roy Schuette, *Appellant,* v. Kansas Power and Light Company, *Appellee.*

No. 38,612

Lloyd H. Jenkins, *Appellant,* v. Kansas Power and Light Company, *Appellee.*

(249 P. 2d 647)

Opinion filed November 8, 1952.

*Ward D. Martin* and *E. H. Hatcher,* both of Topeka, argued the cause, and *A. Harry Crane* and *Arthur L. Claussen,* both of Topeka, were with them on the briefs for the appellants.

*Clayton E. Kline* and *Ralph W. Oman,* both of Topeka, argued the cause, and *M. F. Cosgrove, Balfour S. Jeffrey, Robert E. Russell, Willard N. Van Slyck, Jr., William B. McElhenny, Robert Stone, James A. McClure, Robert L. Webb, Robert A. McClure* and *James D. Waugh,* all of Topeka, were with them on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: The present appeals arise from actions for injuries in which judgment was rendered denying recovery.

On December 9, 1948, an explosion occurred in the Tecumseh plant of The Kansas Power and Light Company. Thereafter a number of actions were commenced by persons allegedly sustaining personal injuries. In the actions presently before us the pleadings vary only in the name of the plaintiff, the particular work he was doing and the character of personal injuries he sustained. In two of the appeals, as later noted, causes of action for property damage were alleged. For present purposes it suffices to say that in the trial court the company's several motions for judgment on the pleadings were sustained, and each of the plaintiffs appealed to this court. The questions presented for our consideration being common to each appeal, the appeals were consolidated by order of this court.

It is here noted that another action, growing out of the same explosion, was before this court in *Lessley v. Kansas Power & Light Co.,* 171 Kan. 197, 231 P. 2d 239. A comparison of abstracts shows that the pleadings, motions and rulings in the present appeals were substantially identical with those in the *Lessley* case, and by reference we incorporate herein the statement as to the pleadings, motions and rulings set forth in that case. Any additional statements that may be necessary will be made later.

In their brief appellants submit three questions for our consideration: (1) Did the trial court, in purporting to follow the *Lessley* case, *supra,* deny to plaintiffs due process of law and equal protection of the law as guaranteed by the fourteenth amendment to the United States Constitution? (2) Were the plaintiffs employees of the defendant company and limited to the relief provided by the workmen's compensation act? (3) Did the plaintiffs' petitions state

a cause of action for negligence under the doctrine of *res ipsa loquitur?*

Logically there is no occasion to discuss the appellants' first question unless we answer their second question in the affirmative, and therefore we first take up the second question. Insofar as this question is concerned, at the oral presentation of these appeals, appellants frankly stated that their argument was in the nature of a motion for a rehearing of the Lessley case, and in their brief the gist of their argument is that we should re-examine our decision in that case and overrule it, and now hold that appellants were not employees of the appellee company. We pause here to note that we adhered to the rule of the Lessley case in *Sheahan v. Kansas Power & Light Co.*, 172 Kan. 399, 241 P. 2d 515. Notwithstanding, we have again considered our decision in the *Lessley* case in the light of the present presentation and have concluded to adhere to it. Under it, the appellants were employees of appellee and their right to recover for personal injuries sustained is governed by the provisions of the workmen's compensation act.

The next question for consideration is whether the trial court, in following the rule of the *Lessley* case, denied to appellants due process of law and equal protection of the law under the fourteenth amendment of the United States Constitution. This contention was not made in the *Lessley* case and therefore was not discussed in our opinion. Shortly stated, appellants contend that the workmen's compensation act is incorporated in every contract affecting compensation of labor (citing *McRoberts v. Zinc Co.*, 93 Kan. 364, 144 Pac. 247); that as early and as late as 1938 this court had interpreted G. S. 1949, 44-503 (the subcontracting section of the workmen's compensation act) as not protecting the defendant from common law liability for its own negligence under facts such as are pleaded here (citing the concurring and dissenting opinions in the Lessley case), and that the cases cited in the last opinions hold that under them the plaintiffs had a right to recover under the common law for injuries due to the negligence of the defendant. On the premise thus laid they contend further that this court, having so construed our workmen's compensation act, the construction is as much a part of the act as if plainly written into it (citing *State, ex rel., v. Moore,* 154 Kan. 193, 198, 117 P. 2d 598) and that the act, construed as plaintiffs would have it, became a part of the contracts of employment involved, and for the trial court, or this court, to say to the contrary destroys their rights under those contracts. In support

they rely on *Muhlker v. Harlem Railroad Co.,* 197 U. S. 544, 49 L. Ed. 872, 25 S. Ct. 522; *Indiana ex rel. Anderson v. Brand,* 303 U. S. 95, 82 L. Ed. 685, 58 S. Ct. 443; *Hendrickson v. Apperson,* 245 U. S. 105, 62 L. Ed. 178, 38 S. Ct. 44; *Hann, et al., v. City of Clinton, Oklahoma,* 131 F. 2d 978, and other authorities. Although they contend our decisions show a clear course of holding that under the facts they are not to be held limited to the provisions of the workmen's compensation act, they ask "what the court can do" to remedy the situation, which we interpret to mean, what change must we make in the course of our decisions that they may prevail. They answer their own question by suggesting that we follow the *Bittle, Truhlicka* and *Waterbury* cases (as they interpret them), overrule the *Lessley* case, and distinguish the *Purkable* and *Williams* cases, all of which were reviewed in the *Lessley* case.

In response appellee has, in its brief, presented an extended argument, citing many authorities, covering not only the correctness of appellants' premise for its argument, but many associated questions, if that premise be sound. If that premise is not sound, discussion of all of appellee's argument need not be had.

In a summary way, appellants' contention is that our decisions, either directly or by necessary interpretation, hold that where an employer subcontracts any work which is a part of its trade or business and, as here, is not usually and continuously engaged in that particular part, an employee of a subcontractor who receives injury through alleged negligence of the employer is not covered by or limited to the recoveries specified in the workmen's compensation act, but may maintain an action at common law for injuries sustained. To support that contention they argue we should follow *Bittle v. Shell Petroleum Corp.,* 147 Kan. 227, 75 P. 2d 829; *Truhlicka v. Beech Aircraft Corp.,* 162 Kan. 535, 178 P. 2d 252; and *Waterbury v. Riss & Company,* 169 Kan. 271, 219 P. 2d 673; should distinguish *Purkable v. Greenland Oil Co.,* 122 Kan. 720, 253 Pac. 219, and *Williams v. Cities Service Gas Co.,* 139 Kan. 166, 30 P. 2d 97, and overrule our decision in the *Lessley* case. That will not be done. In *Bailey v. Mosby Hotel Co.,* 160 Kan. 258, 160 P. 2d 701, the workman was employed by a subcontractor, and receiving injuries sought to maintain a common law action for damages against the hotel company, contending that the work being done was no part of its trade or business. In the course of the opinion the *Bittle* case, *supra,* was clearly distinguished, and what is there said is adhered to. Although, as has been noted, the question of due

process of law and equal protection of the law was not involved in the *Lessley* case, the question whether the relation of employer and employee existed was, and in that case the *Truhlicka* case, *supra,* was distinguished as was the *Waterbury* case, *supra,* and we adhere to what was said there. With reference to the *Waterbury* case, it is noted that it was decided June 10, 1950, after the events now complained of occurred and after appellant Carlson and presumably after the other appellants had filed their actions. Even though that case could be interpreted favorably to appellants, by reason of the fact it had not been decided prior to December, 1948, it is not to be considered on the questions of due process or equal protection of the law. Appellants' contention there has been a clear course of decisions upholding their right to maintain common law actions is not sustained. Under the circumstances they have not been deprived of due process of law or equal protection of law.

We come now to appellants' contention that their petitions stated a cause of action for negligence, under the doctrine of *res ipsa loquitur,* which is a rule of evidence in negligence cases. Where recovery for injuries is sought, but is limited by the workmen's compensation act, negligence is not an element and the doctrine can have no application. The doctrine cannot be applied unless it is as to the two appeals next noted.

As has been noted above, in No. 38,607 and No. 38,610, the plaintiffs in addition to attempting to state a cause of action for personal injuries, stated a second cause of action for loss of personal property. We limit our discussion of the application of the doctrine of *res ipsa loquitur* to these two causes of action.

In these two appeals each petition purported to state one cause of action for personal injuries, and a second cause of action, which incorporated parts of the first cause, for damages to personal property. We summarize the allegations as they are included in the second cause of action. Each plaintiff alleged that on December 9, 1948, he sustained damages as the proximate result of the negligence of the defendant; that he was working as a bricklayer at a plant at Tecumseh owned by defendant and operated by it as a public utility engaged in the production of electric power through the use of boilers and other equipment; that the boilers were fired with gas, oil and coal; that the plant, buildings and equipment and the gas, oil and coal by which the boilers were fired, were solely and exclusively operated by and under the control of the defendant; that on December 9, 1948, explosions occurred in the room where plaintiff

was working, and were of gaseous fumes and vapors, the exact content of which was unknown to plaintiff; that the gas, oil and coal and the pipes, conduits and means of transmission thereof, and the room, floor and cavities therein and thereunder were exclusively under the control, care and operation of the defendant; that immediately thereafter a second explosion occurred, filling the room with burning gas and vapor; that the explosions and fire and resulting damages to plaintiff were the result of negligence of the defendant in the operation and maintenance of its power plant, which was solely and exclusively under its control, care and operation; that plaintiff does not know, and it is not within his knowledge, whether the explosions and fire were caused by improper or defective equipment of the defendant or improper, negligent and careless operation and maintenance of the plant by defendant, but that the same is within the knowledge of the defendant. Allegations as to property damaged need not be reviewed. Because the judgment appealed from was rendered on a motion for judgment on the pleadings, we note that by its answer the defendant admitted ownership and operation of its plant; that gas, oil and coal were used as fuel under the boilers; that the explosions occurred, and that plaintiff sustained *personal injuries*. Defendant specifically denied the explosions were due to any fault or negligence on its part or that it had any knowledge as to the cause of such explosions, and alleged the explosions constituted an accident for which it was in no way responsible. Plaintiff's replies contained general denials, the effect of which was to put in issue defendant's denial of knowledge as to the cause of the explosions.

A mere reading makes it obvious that insofar as the doctrine of *res ipsa loquitur* is concerned, the briefs were prepared at great length to present the question as it pertained to personal injuries if it be held that the workmen's compensation act had no application. The result is the citation of many authorities on phases of the application of the doctrine concerning which there is little room for dispute here. In West's Kansas Digest, "Negligence, § 121" and Hatcher's Kansas Digest, Rev. Ed., "Negligence, § 58," will be found listed most of our decisions dealing with the definition of the doctrine of *res ipsa loquitur* and tests for applying it. From all of these decisions it is clear that the mere fact an accident occurs and injury results is not sufficient to establish liability; that negligence is never presumed, but must be established; that whether the doctrine is to be

applied depends on the character of the accident and the circumstances under which it occurred; that where the accident occurs under such circumstances that direct evidence is not available and the circumstances are such the accident would not have occurred unless the defendant was at fault, those circumstances may be shown as making a *prima facie* case under the doctrine; that where specific acts of negligence are pleaded the doctrine does not apply; that where the evidence offered shows with equal force that the injuries might have resulted without fault of the defendant, the showing is not sufficient; that the doctrine has no application unless it appears that the instrumentality which produced the injury was at the time of the injury under the defendant's sole and exclusive control; that where the doctrine may be applied, the defendant has the burden of going forward with the evidence showing that something other than his negligence caused the accident and injury, or that it occurred by the acts of third persons or *vis major*. What has been said is not intended as an exhaustive statement, but sufficient for our purposes here.

The trial court, in sustaining defendant's motion for judgment on the pleadings in the two appeals now under consideration, in effect held that plaintiffs had not sufficiently pleaded to warrant application of the doctrine. Appellee calls attention to the fact it motioned the petitions, its motions were successfully resisted, and the petitions are now to be strictly construed against the pleaders, citing *Arensman v. Kitch,* 160 Kan. 783, 165 P. 2d 441, and *Sanik v. Shryock Realty Co.*, 156 Kan. 641, 135 P. 2d 545. In *Powell v. Powell,* 172 Kan. 267, 239 P. 2d 974, it was said that the general rule, that where a pleading is motioned to have it made definite and certain and the motion is successfully resisted, the pleading is to be strictly construed when challenged by demurrer, is not applicable to a pleading not vulnerable to a motion which is properly overruled. The abstract in the appeals does not set out the motion or the court's ruling, but assuming they are the same as in the *Lessley* case, they sought to compel plaintiffs to allege what knowledge each claimed the defendant had as to improper and defective equipment or improper and negligent operation of the plant, and by stating particular acts of carelessness in operation or of defects in maintenance of equipment. In view of plaintiffs' allegations they did not know these things, but that the defendant did, the trial court did not err in denying the motion. The petitions are not subject to

strict construction, although it may be doubted that even strict construction would alter what is later said.

As we understand its brief, appellee's contentions in support of the trial court's ruling rest primarily on its contention the only thing pleaded is that an explosion occurred and that the mere happening thereof furnished no basis for a presumption of negligence (citing *Byland v. Powder Co.,* 93 Kan. 288, 144 Pac. 251; *Munger v. Beiderwell,* 155 Kan. 187, 124 P. 2d 452; *Kinderknecht v. Hensley,* 160 Kan. 637, 164 P. 2d 105; *Emigh v. Andrews,* 164 Kan. 732, 191 P. 2d 901; and other authorities which so hold); and its further contention that the petitions do not plead any initial or foundation fact, as for instance, that a boiler exploded; that the sole allegation is there was an explosion speaks for itself, and that such pleading is insufficient under the *Emigh* case, *supra,* where it was held that failure to plead an initial or foundation fact left the petition insufficient. Expanding its argument that there must have been an instrumentality or thing under the defendant's exclusive control which caused the injury, appellee says that it will not be contended that its buildings were instrumentalities but that all that is alleged is that the buildings exploded or if not that something in the buildings exploded, but that it is not alleged what exploded. In our opinion this argument overlooks or ignores the plain allegation that gaseous fumes and vapors exploded. Appellee says further that if the explosion resulted from gas, there would have been no explosion without the gas being ignited, and the court is going to have to assume there was an ignition and what caused it and that this may not be done. In support it cites *Kinderknecht v. Hensley,* supra. That case is not in point. The opinion there expressly states the parties agree the doctrine of *res ipsa loquitur* is not applicable to the facts as pleaded (l. c. 642) and we need not inquire why that was so. What is there said pertains to the sufficiency of allegations of negligence where the doctrine did not apply. It must be apparent that if plaintiffs knew what ignited the gas they would have been in a position to allege specific acts of negligence and the doctrine would then not be applicable.

Appellants, although citing other authority, rely principally on *Woods v. Kansas City, K. V. & W. Rld. Co.,* 134 Kan. 755, 8 P. 2d 404. Reference is made to that opinion for the facts. This court held:

"Where a passenger brings an action against operators of an electric railroad to recover for injuries resulting from an explosion of the electrical appli-

ances of the car on which she was riding, and shows the occurrence of the explosion which caused a fire in the car and the injury to the passenger, she has established a *prima facie* case of negligence which brings the case within the application of the doctrine of *res ipsa loquitur.*" (Syl. ¶ 1.)

While we recognize that the doctrine contended for has been more widely applied in cases involving carriers, the rule stated finds support in our cases to which attention has been heretofore directed.

In 22 Am. Jur. 212 (Explosions and Explosives) where the doctrine of *res ipsa loquitur* is discussed, it is said that,

"As in cases of negligent injuries generally, the mere fact of the happening of an explosion furnishes no basis of a presumption of negligence."

and appellee directs our attention to that statement. It is further said, however, that,

"The nature, cause, and circumstances of an injury may furnish occasion for application of the doctrine of *res ipsa loquitur.* Thus, whenever the thing that exploded is shown to have been under the control and management of the defendant, and the explosion is such a one as, in the ordinary course of events, would not happen if due care is exercised, the fact of injury itself will be deemed to afford sufficient evidence to support a recovery, unless the defendant gives an explanation of the occurrence tending to show that the injury was not due to his want of care."

The cases cited in the footnotes support the text, but no Kansas case is cited, probably for the reason that research discloses the precise question has not been before this court heretofore.

In our opinion the circumstances pleaded are such that if the proof on trial established their existence, a *prima facie* case for application of the doctrine of *res ipsa loquitur* would have been made.

We conclude that with respect to the second causes of action in No. 38,607 and No. 38,610 the trial court erred in rendering judgment in favor of the defendant and that in all other aspects of all the appeals, its judgment must be affirmed, and it is so ordered.