No. 42,203

EARL ROBINSON, *Appellee*, v. WAYNE F. NIGHTINGALE, d/b/a FABRICATED METAL PRODUCTS COMPANY; ELDON G. COWELL, d/b/a E. G. COWELL, CONTRACTOR; HARVEYVILLE GRAIN AND SEED CO., INC., *Defendants*, and SIMLO, INCORPORATED, *Appellant*.

(362 P. 2d 432)

Opinion filed June 10, 1961.

*Claude L. Rice*, of Kansas City, argued the cause and was on the briefs for appellant.

*James D. Waugh*, of Topeka, argued the cause, and *Robert L. Webb, Ralph W. Oman*, and *Philip E. Buzick*, of Topeka, and *William K. Waugh, Jr.*, and *Charles W. Waugh*, of Eskridge, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The plaintiff, Earl Robinson, commenced this action against Wayne F. Nightingale, d/b/a Fabricated Metal Products Company; Eldon G. Cowell, d/b/a E. G. Cowell, Contractor; Harveyville Grain and Seed Co., Inc., and Simlo, Incorporated, to recover damages for personal injuries received on the premises of the Harveyville Grain and Seed Co., Inc., and for damages to, and the loss of use of, his 1956 Ford truck. The sole question presented is whether the amended petition alleges a cause of action against the defendant Simlo, Incorporated, under the doctrine of *res ipsa loquitur*. The district court concluded that it did, and overruled Simlo's general demurrer to the amended petition. During oral argument we were advised that the other defendants had answered, and that each answer alleged specific acts of negligence on the part of Simlo in furnishing defective and dangerously designed equipment and incorrect plans and instructions for erecting the truck hoist, which was installed three months prior to the injury.

The amended petition is summarized as follows: On July 2, 1958, plaintiff drove his truck loaded with wheat onto the premises of the grain company for the purpose of unloading and storing his wheat in its elevator. In order to unload his truck, plaintiff was directed by the grain company's employees to drive upon a certain truck hoist, and he did so. The truck hoist which was put into operation by the grain company's employees, lifted the front of the truck and the wheat moved by gravity from the truck bed into the grain company's bins. The truck was lowered by the hoist, and plaintiff was directed to drive away. As he began to drive his truck away, the movable overhead portion of the hoist fell, crushing the cab and causing the injuries and damages sued for.

It was alleged that defendants Nightingale, Cowell, and Simlo, acting for themselves and through their agents and employees, entered into a contract or contracts to construct and erect a truck hoist on the grain company's premises; that Nightingale and Cowell constructed and erected the truck hoist by using materials prepared and supplied by and upon some advice of Simlo, the particulars of the contract or contracts being within the knowledge of the defendants and each of them and not within the knowledge of the plaintiff.

It was further alleged that plaintiff did not know and could not allege or describe specific negligent acts or omissions of which the defendants may have been guilty and that may have been the proximate cause of his damages, but alleged that the falling of the upper portion of the truck hoist was an occurrence which could not have taken place except for some negligent acts or omissions on the part of the defendants, or one or more of them, when the hoist was within the exclusive and sole management, possession and control of each or all of them during their respective preparation, supply, advice, work, construction, use and operation; that his injuries and damages were the direct and proximate result of such negligent acts or omissions while the defendants and each of them, acting individually or through their agents and employees, were in the exclusive management, possession, and control, use and operation of the truck hoist, the facts of which were peculiarly within the superior knowledge of the defendants and each of them, and not within the knowledge of the plaintiff.

It was further alleged that as a result of the negligence of the defendants and each of them, plaintiff was violently struck by the top of the cab of his truck and suffered severe and crippling injuries to his head, neck, shoulders, back and upper extremities. The prayer was that the plaintiff recover from the defendants and each of them the sum of $50,841.65, and for costs.

Whether the doctrine of *res ipsa loquitur,* which means simply "the thing speaks for itself," is to be applied depends upon the character of the injury and the circumstances under which it occurred. Standing alone the injury does not permit the application of the doctrine. For a petition to be sufficient as against a demurrer the court must be able to find as a matter of common knowledge and experience, from the facts and circumstances alleged, that the injury could not have occurred except for negligence on the part of the defendant, that is, the injury must be of such character that the circumstances of its occurrence imply a breach of duty and care (*Ratliffe v. Wesley Hospital,* 135 Kan. 306, 309, 10 P. 2d 859). In reaching such a conclusion it is not essential that the court take judicial notice of the inferences of negligence in the sense that it is exclusive or impelling; it is sufficient if the court can say that it is an inference that would be drawn by reasonable men (*Mayes v. Kansas City Power & Light Co.,* 121 Kan. 648, 650, 249

P. 2d 599; *Truhlicka v. Beech Aircraft Corp.*, 162 Kan. 535, 178 P. 2d 252; *Lamb v. Hartford Accident & Indemnity Co.*, 180 Kan. 157, 300 P. 2d 387; *Worden v. Union Gas System*, 182 Kan. 686, 324 P. 2d 501).

In actions for damages because of defendant's negligence, the rule is, of course, that the negligence of the defendant is never presumed, but must be established by proof. In cases which warrant the application of the doctrine, a *prima facie* case is established in favor of the plaintiff, and the inference of negligence from the want of the exercise of ordinary care operates to place upon the defendant the burden of producing sufficient evidence against the presumed fact to avoid a directed verdict, but only that and nothing more. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff (*Mayes v. Kansas City Power & Light Co.*, supra; *Starks Food Markets, Inc., v. El Dorado Refining Co.*, 156 Kan. 577, 582, 134 P. 2d 1102; *Stroud v. Sinclair Refining Co.*, 144 Kan. 74, 58 P. 2d 77).

In determining whether the amended petition, judged upon its merits and standing alone, warrants the application of the doctrine of *res ipsa loquitur* against Simlo, we keep in mind that three essential elements must be alleged to establish a *prima facie* case, namely, the defendant must have management and control of the instrumentality which, at that time or later, caused the injury; the circumstances must be such that according to common knowledge and the experience of mankind, the injury would not have occurred without negligence on the part of those having management and control, and that plaintiff's injuries resulted from the occurrence, and that he was free from fault (*Worden v. Union Gas System*, supra). We also keep in mind the further rule that it is incumbent upon the plaintiff to show fully a situation where the doctrine is applicable, otherwise there may be an attempt to shift the burden of proof in negligence cases by merely asserting that the doctrine is applicable (*Johnson v. Latimer*, 180 Kan. 720, 308 P. 2d 65).

In support of its contention that the district court erred in overruling its demurrer Simlo first argues there were two instrumentalities involved in plaintiff's injury—the plaintiff's truck which was under his management and control, and the truck hoist which was under the exclusive management and control of the grain company —hence, the doctrine may not be applied to it. The contention is based upon an erroneous premise. The plaintiff expressly pleaded

he was not guilty of any fault or contributory negligence, and other allegations of the amended petition compel a reasonable conclusion that he was not. The truck had been emptied and plaintiff was preparing to leave the area when the hoist fell and crushed the cab of his truck and injured him. The plaintiff's truck was not an instrumentality of the injury (*Truhlicka v. Beech Aircraft Corp.,* supra; *Lamb v. Hartford Accident & Indemnity Co.,* supra).

Simlo principally contends the facts alleged are not sufficient to permit the application of the doctrine against it, and directs our attention that the amended petition affirmatively alleged Simlo was the original supplier of materials to other defendants who constructed the hoist. It states in its brief that those defendants whose liability may be encompassed by the doctrine must necessarily be those who, *in view of the facts alleged,* are such that in the ordinary course of events, the plaintiff's injury could not have occurred in the absence of negligence on their part. It then points out that only the most tenuous of connections between it and the truck hoist are alleged, that is, that the hoist was erected by Nightingale and Cowell "upon some advice of and from materials prepared and supplied by defendant" Simlo, and asks, can the "causal chain" link one defendant to the unknown negligent act of an unidentified tort-feasor merely because that defendant supplied materials to be used by other defendants, absent any indication or allegation that the materials furnished were defective, or, as in the instant case, that the advice was erroneous. It then argues that the materials it supplied, upon being incorporated into the hoist, became materially changed from the time they left its management and control and that it never exercised management and control of the hoist in its final assembled form, hence there was no causal relation to the injuring instrumentality alleged and it was improperly joined as a multiple defendant.

In making the contention, Simlo concedes it to be the settled law of this state that the doctrine of *res ipsa loquitur* may, under proper circumstances, be applied to multiple defendants (*Woods v. Kansas City, K. V. & W. Rld. Co.,* 134 Kan. 755, 8 P. 2d 404; *Ratliffe v. Wesley Hospital,* supra; *Nichols v. Nold,* 174 Kan. 613, 258 P. 2d 317, 38 A. L. R. 2d 887; *Guthrie v. Powell,* 178 Kan. 587, 290 P. 2d 834). It further concedes that the causal relationship to the injuring instrumentality is sometimes extended back through mesne defendants to the manufacturer or the original supplier (*Bradley*

v. *Conway Springs Bottling Co.,* 154 Kan. 282, 118 P. 2d 601; *Nichols v. Nold,* supra; *Morrison v. Kansas City Coca-Cola Bottling Co.,* 175 Kan. 212, 263 P. 2d 217; *Worden v. Union Gas System,* supra), but it distinguishes those cases by stating they are not controlling since in each case the ultimate defendant at some time had exclusive control over the instrumentality which caused the injury, and at a time when the instrumentality was in its completed and final form.

Simlo concludes its contention with the suggestion that if plaintiff is permitted to join it as a defendant because it prepared and supplied material and instructions to the defendant contractors that the lumber company, the steel mill, and the cement manufacturer should also be named as additional parties defendant because they too furnished materials to construct the elevator and the hoist.

We are of the opinion Simlo has not correctly analyzed the amended petition. In the first place, as against a demurrer, it is entitled to be liberally construed and its allegations given all reasonable inferences. As used in the pleading, the word "advice" should be construed to mean, but not limited to, information, consultation, and instructions (Webster's New International Dictionary, Second Edition, Unabridged), and a reasonable inference and intendment of the word "materials" alleged to have been prepared and supplied by Simlo, includes not only structural materials, but also blueprints, and plans and specifications. In the second place, Simlo overlooks material allegations. Under the facts and circumstances alleged Nightingale, Cowell, and Simlo entered into a contract or contracts for the purpose of preparing and erecting a completed truck hoist upon the grain company's premises. The relationship of the defendants was fixed by their contract or contracts, which placed them in successive and exclusive management and control during their respective preparation, supply and construction, the totality of which resulted in a completed and installed truck hoist.

The particulars of the contract or contracts being exclusively within the knowledge of the defendants and each of them, the plaintiff was unable to allege that the condition of the materials supplied by Simlo were not changed after they left its management and control, or whether the materials were structural members of the hoist or whether a completely fabricated hoist was shipped in disassembled form to be assembled and erected by the defendant contractors on the site. Be that as it may, the fact that Simlo did

not have exclusive management and control of the completed hoist is immaterial. The real test is whether it was in control at the time of the negligent acts or omissions which either at that time or later produced the injury (*Nichols v. Nold*, supra; *Lamb v. Hartford Accident & Indemnity Co.*, supra). Nor are we impressed with the suggestion that the lumber company, the steel mill, and the cement manufacturer should have been joined as additional party defendants. No attempt is made in the amended petition to hold those companies. Whether their liability, or the liability of one supplying component parts to a manufacturer, would extend to injury to persons or property is not before us. Neither are we greatly concerned with the contention of lack of allegations that the materials prepared and supplied were defective or the advice was erroneous, and the resulting claim of no causal relation to the injuring instrumentality. There was not only privity of contract between the defendants but also unanimity of interest in the preparation, supply and construction of the hoist, and there was no break in the chain of causal relation between Simlo and the injuring instrumentality. While the contract or contracts here involved were the private agreements of the defendants, nonetheless if Simlo were negligent in performing its part of the contract so that a dangerous structure was in fact erected, having knowledge as it must have had that the hoist would be used by the general public, it would be liable to an injured third person such as the plaintiff if its negligence were the direct and proximate cause of the injury, or if in fact it were a joint tort-feasor with other defendants. Under such circumstances, the source of liability is placed in the law based upon public policy. See annotation 58 A. L. R. 2d, pp. 871, 872, and Restatement of the Law, Torts, §§ 392, 395, pp. 1064, 1073. Simlo was properly joined as a multiple defendant. As tending to bear upon this point see *Schroeder v. City & County Savings Bank, Albany*, 293 N. Y. 370, 57 N. E. 2d 57; *Meny v. Carlson*, 6 N. J. 82, 77 A. 2d 245, 22 A. L. R. 2d 1160; *Barb v. Farmers Insurance Exchange* (Mo. 1955), 281 S. W. 2d 297, and *Waterbury v. Riss & Company*, 169 Kan. 271, 219 P. 2d 673. In reaching the foregoing conclusion we note that, in applying the doctrine in *Nichols v. Nold*, supra, there was no finding that the multiple defendants were joint tort-feasors, or that they were in joint control of the instrumentality.

It is not usual for a heavy truck hoist to unexpectedly fall. In

the ordinary course of things it is not inherently a destructive machine. No injurious result is expected from its normal operation. If, however, it is defectively designed, or negligently prepared, or imperfectly constructed, it is a dangerous instrumentality capable of doing serious human injury.

It is obvious that the plaintiff was not injured through any fault of his own and if the injury was due to negligence on the part of either or all the defendants, the plaintiff should be entitled to redress. In the light of practical human knowledge and experience, the unexplained falling of the upper portion of the hoist from its ordinary position permits no reasonable conclusion other than that the injury would not have occurred without some negligent acts or omissions on the part of the defendants or one or more of them. It is both reasonable and logical to conclude that the injury could have been caused by some negligence on the part of Simlo. The negligence could have been the preparation and supplying of a hoist which contained defective and weakened materials, or was improperly and dangerously designed, or improper and incorrect advice and instructions prepared and supplied for its assembly, or of failure to warn the purchaser of dangers inherent in its preparation and construction. It is also apparent and logical that the injury could have been caused by the negligence of the other defendants or any one of them, the details of which are unnecessary to here relate since Simlo is the sole appellant. Manifestly, it would be entirely beyond the ability of the plaintiff to ascertain and establish which of these possibilities, or a combination of them, was in fact the cause of the injury. In such a situation, and where one or some or all of the interdependent defendants (the contractors and Simlo) were in successive control and burdened with the performance of contractual duties to complete the hoist, it is incumbent upon them to explain their action and conduct when the completed hoist suddenly collapsed with resultant injury to another. We are of the opinion that the injury and the circumstances surrounding its occurrence are such as to entitle the plaintiff to the benefit of the doctrine of *res ipsa loquitur* establishing a *prima facie* case against Simlo.

At the trial of the case, the plaintiff can testify to the manner in which the injury occurred and offer proof excluding extraneous causes. The burden would then rest upon Simlo to show that it conducted its preparation, supply, advice and instructions with due

care and in a workmanlike manner, Nightingale and Cowell would be in a position to explain the manner in which they constructed and erected the hoist, and the grain company would also be able to explain the manner of the use and operation of the hoist after it was installed on its premises. It would then be for the jury when all the evidence was in, under proper instructions of the court, to decide whether the preponderance was with the plaintiff, or whether the defendants' explanations satisfactorily exculpate either or all of them from the charge of negligence.

No error was committed by the district court in overruling Simlo's demurrer to the amended petition. The judgment is affirmed.

It is so ordered.

PARKER, C. J., PRICE and SCHROEDER, JJ., dissent.