No. 43,294

ROBERT WHITBY, an infant, by and through his parent and natural guardian, WILLIAM C. WHITBY, SR., (Plaintiff) *Appellee,* v. ONE-O-ONE TRAILER RENTAL COMPANY, INC., a Corporation, and LEE ROY PITTMAN, (Defendants) *Appellants.*

(383 P. 2d 560)

Opinion filed July 10, 1963.

*John M. Kilroy,* of Kansas City, Mo., argued the cause, and *J. Willard Haynes* and *Frank L. Bates,* both of Kansas City, and *Richard E. Brown,* of Kansas City, Mo., were with him on the briefs for the appellant, One-O-One Trailer Rental Company, Incorporated.

*James D. Howell, Sr.,* of Kansas City, argued the cause, and *James D. Howell, Jr.,* of Kansas City, and *Alfred Kuraner, Harry R. Freeman, Irving Kuraner, Robert G. Oberlander, Charles F. Lamkin, Jr., Harry D. Dingman,* and *George T. O'Laughlin,* all of Kansas City, Mo., were with him on the briefs for the appellant, Lee Roy Pittman.

*Joseph P. Jenkins,* of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Norma Braly, Barton P. Cohen, Jacob F. May, Jr.,* and *Frederick K. Cross,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This appeal primarily involves certain orders of the trial court. The first, dated July 10, 1962, overruled separate motions of the two defendants to strike count two of plaintiff's amended petition, which was an amendment thereto, and the second order, dated July 12, 1962, overruled the separate demurrers of the defendants attacking the amended petition and also count two thereof.

Plaintiff filed his petition against defendant, One-O-One Trailer Rental Company, Incorporated, and the corporation filed an answer. With permission of the trial court, plaintiff added Lee Roy Pittman as a party defendant and filed his amended petition alleging ten specific acts of negligence against the corporation and nine specific acts of negligence against defendant Pittman. The corporation filed its separate answer to the amended petition and plaintiff filed his reply thereto. Pittman also filed his answer and plaintiff thereupon moved the trial court for an order allowing him to plead the doctrine of *res ipsa loquitur* as a second count to his amended petition. This motion was sustained and thus we have before us an amended petition with the first count based on specific acts of negligence and the second count based on *res ipsa loquitur.*

The corporation filed its motion to strike count two because of improper joinder of causes of action with count one; count two was inconsistent with count one; both counts were mutually self-destructive in that count one set forth specific acts of negligence which disproved the truth of count two; count two attempted to plead under *res ipsa loquitur* and specific acts of negligence were alleged under count one; count two cannot stand as to this defendant, and finally, count two was surplusage. Pittman's shorter motion to strike was substantially the same.

The trial court overruled both motions and according to the record, Pittman only was granted twenty days in which to answer. Separate notices of appeal from the trial court's orders were filed by defendants.

The facts and circumstances gleaned from allegations of the

amended petition are that on November 20, 1960, about 4:30 p. m. defendant Pittman rented a hitch and tow-bar unit from the defendant corporation for the express purpose of towing the plaintiff automobile from near Vienna, Missouri, to Kansas City, Kansas. The corporation, by and through its agent, attached the hitch to the rear bumper of Pittman's automobile. A part of the hitch consisted of two chains which, when tightly drawn together, prevented any play in the hitch while the tow-bar was attached. Pittman attached the tow-bar unit to the front bumper of the plaintiff automobile and proceeded toward Kansas City, Kansas. Plaintiff, a thirteen year old boy, was asleep in the rear seat of the plaintiff automobile. The chain holding the left upper clamp broke and snapped causing the plaintiff automobile to swerve and turn over in the ditch injuring plaintiff. The corporation's business consisted of renting such units as the one here involved.

Since the ten grounds of negligence alleged on the part of the corporation and nine grounds of negligence on the part of Pittman are actually specific acts of negligence, we shall not set them out or discuss them herein.

The amendment to the amended petition, or count two, adopted paragraphs one to seven, inclusive, of count one, and in paragraph eight further stated:

"8. That said accident would not have occurred and said chain holding the left upper clamp would not have snapped and broken if due care had been used by the defendants in the installation, servicing, maintenance and use of said tow-bar unit, the details of which are exclusively within the knowledge of the defendants and not within the knowledge of plaintiff. Plaintiff does not know and therefore cannot allege or specify acts of negligence of which the defendant, One-O-One Trailer Rental Company, Inc., by and through its agents and employees, and the defendant, Lee Roy Pittman, had been guilty, and which are the proximate cause of the injuries to plaintiff, but that plaintiff alleges and states that the accident hereinabove described in detail would not have taken place except for some act or acts of negligence on the part of the defendants, and each of them, in the installation, servicing, maintenance and use of said tow-bar unit. At all times material herein said tow-bar unit was solely and exclusively within the possession of and under the control of the defendants, and during the time the negligent acts of defendants occurred."

From the record it appears the parties are in substantial agreement that the question involved in this appeal is whether count

two states a cause of action under the doctrine of *res ipsa loquitur* and whether, as such, it can be pleaded along with the first count setting out specific acts of negligence. It should be made very clear that this is a demurrer by each of the two defendants to the amended petition, and the only matters to be considered by the court at this time are those appearing on the face of such petition. In the recent case of *Robinson v. Nightingale,* 188 Kan. 377, 362 P. 2d 432, where multiple defendants were in successive and exclusive management and control of their respective preparation, supply and construction of a hoist to aid in unloading truck loads of wheat at the defendant grain company's elevator, and the hoist suddenly fell crushing the cab of the truck and injuring the plaintiff therein, it was held that the petition sufficiently alleged facts and circumstances surrounding the occurrence to warrant application of the doctrine of *res ipsa loquitur* against the appealing defendant. The Robinson case discussed most, if not all, of the authorities cited by the parties herein and at page 380 restated the three elements necessary to be alleged to establish a *prima facie* case in order to warrant the application of the doctrine of *res ipsa loquitur* which are (1) the defendant must have management and control of the instrumentality which, at that time, *or later,* caused the injury; (2) the circumstances must be such that according to common knowledge and the experience of mankind, the injury would not have occurred without negligence on the part *of those* having management and control; and (3) plaintiff's injuries resulted from the occurrence and he was free from fault, citing *Worden v. Union Gas System,* 182 Kan. 686, 324 P. 2d 501. The Robinson opinion also stated the doctrine of *res ipsa loquitur* may, under proper circumstances, be applied to multiple defendants and that the causal relationship to the injuring instrumentality is sometimes extended back through mesne defendants to the manufacturer or original supplier.

Under the allegations of the amended petition in our case it appears the tow-bar unit was solely and exclusively within the possession of and under the control of the defendants during the time the acts of the defendants occurred. The authorities on this subject were well discussed in *Lamb v. Hartford Accident & Indemnity Co.,* 180 Kan. 157, 300 P. 2d 387, wherein plaintiff was called to repair a tire on defendant's truck and defendant's

truck suddenly moved forward down an incline and pinned plaintiff between its front end and the side of plaintiff's repair truck.

In *Nichols v. Nold,* 174 Kan. 613, 258 P. 2d 317, a six year old girl was seriously injured when a bottle of Pepsi-Cola exploded and fragments therefrom lacerated her nose and entered and punctured her left eyeball. The manufacturer, distributor, and local dealer were held to be properly joined as defendants in the action wherein the plaintiff relied upon the doctrine of *res ipsa loquitur,* and the addition of a second cause of action relying upon negligent failure of an implied warranty was held not to render the petition demurrable.

Defendants here make a point that the rule in the Nichols case should apply more particularly to food stuffs intended for human consumption. While it is true the Nichols case dealt with a beverage intended for human consumption, the injury was not the result of the consumption thereof, and we do not place such a narrow interpretation thereupon in view of the following concise language used therein which may be said to have general application in similar cases where plaintiff is injured through no fault of his own:

"From the petition it is certain plaintiff received a severe injury without fault of her own. *If the proper parties are made defendants the court should not be too particular about the theory upon which she recovers. The petition should be considered as a whole.* In fact, the so-called second cause of action makes all of the first cause of action, except the seventh paragraph, a part of it by reference. The seventh paragraph of the first cause of action is the one that specifically pleads the doctrine of *res ipsa loquitur.* The second paragraph of the second cause of action is the one that pleads a breach of implied warranty. Since the breach of an implied warranty usually results from negligence of defendants or some of them, we see no detriment resulting to defendants from the fact that plaintiff pleads negligence upon which she relies in paragraph seven of the first cause of action." (Our emphasis.) (pp. 630-631.)

We consider our case much stronger than either the Lamb or Robinson cases, and in view of the foregoing quotation from the Nichols case, we conclude the essential elements of *res ipsa loquitur* were sufficiently alleged in count two and that it could be pleaded along with count one, and the trial court, therefore, did not err in its orders overruling defendants' separate motions to strike or in overruling their separate demurrers to the amended petition.

Judgment affirmed.