Floyd RUSSELL, Plaintiff,

v.

PAY WAY FEED MILLS, INC., et al., Defendants.

Mrs. Margaret J. RUSSELL, Plaintiff,

v.

PAY WAY FEED MILLS, INC., et al., Defendants.

Civ. A. Nos. T–3214, 3215.

United States District Court
D. Kansas.

Sept. 4, 1963.

Ernest J. Rice, of Doherty, Rice & Benfer, Topeka, Kan., for plaintiffs.

Donald Patterson, of Fisher, Patterson & Sayler, Topeka, Kan., for defendant Pay Way Feed Mills, Inc.

Keller, Wilbert, Palmer & Botkin, Pittsburg, Kan., and Colmery & Russell, Topeka, Kan., for defendant Roto Broil Corporation of America.

O. B. Eidson, of Lillard, Eidson, Lewis & Porter, Topeka, Kan., for defendants Hearne Christopher, John Collectt, Gus Welch, John Ronan and Lawrence B. Hogan, d/b/a B. C. Christopher & Co.

Charles E. Henshall, Chanute, Kan., for defendant Christopher Co., Ludwell Gaines, III, Leslie Philblad, Phil Keuhn, Robert Wilson, Lowell Listrom, Norman Supper, and Gayle Smith.

Jules V. Doty, of Gleason, Gleason, Doty & Logan, Ottawa, Kan., for defendant R. E. Browning.

TEMPLAR, District Judge.

These two actions were commenced in the District Court of Shawnee County, Kansas, on October 29, 1962. The plaintiffs' petitions alleged that they were residents of Wilson County, Kansas, and that on or about December 23, 1960 the defendants and each of them sold to the plaintiffs an electric fry cooker in its original carton, unopened, which cooker was supplied to the defendants by the Roto Broil Corporation of America. Then they allege in their respective petitions that after obtaining the cooker they took it to their home and, thereafter, during operation of it and after following the directions on said cooker, the cooker exploded suddenly without any warning. This explosion allegedly resulted in injury to these plaintiffs.

The plaintiffs in this action sued the Roto Broil Corporation of America, apparently the manufacturer of the cooker, alleging that it was a corporation organized and doing business by virtue of the laws of the State of New York but that it had failed to comply with Kan. G.S.1949, 17–509, in that it has been doing business in the State of Kansas but has not complied with the laws of Kansas. The plaintiffs also named as a defendant one Gayle Smith, a resident of Kansas, as an agent, servant, and employee of the B. C. Christopher & Company, a partnership composed of some eleven people also named as defendants.

The plaintiffs further alleged in their petitions that one R. E. Browning, also a resident of Kansas, and named as a defendant, and Gayle Smith are the operators of the Altoona Mill and Elevator for B. C. Christopher & Company and that prior to December 25, 1960 Browning and Smith, as agents of B. C. Christopher & Company purchased from the defendants, Pay Way Feed Mills, Inc., and Roto Broil Corporation of America the one certain electric fry cooker in question and that said electric fry cooker was delivered to the Altoona Elevator by the defendants Pay Way Feed Mills, Inc., a Missouri Corporation, and Roto Broil Corporation of America.

On November 17, 1962, Pay Way Feed Mills, Inc., Roto Broil Corporation of America, and the partnership B. C. Christopher & Company, being the nonresident defendants, filed a petition for removal of said cause from the Shawnee County District Court to this Court.

In paragraph III of their petition for removal the following allegations are made:

"That this action involves a controversy wholly between citizens of different states; that the plaintiff was at the time of the filing of this action, and at all times has been, and now is, a citizen and resident of the State of Kansas; that your petitioner, Pay Way Feed Mills, Inc., was at the time of the commencement of this action, ever since has been, and now is a citizen and resident of the State of Missouri; that your petitioner, Roto Broil Corporation of America, was at the time of the commencement of this action, ever since has been, and now is, a citizen and resident of the State of New York; that your petitioners, B. C. Christopher and Company, a partnership, and each of its partners as set out in this petition, were at the time of the alleged cause of action, citizens and residents of the State of Missouri.

"That the defendants, Gayle Smith and R. E. Browning, are improperly and fraudulently joined as defendants in this case for the sole purpose of fraudulently and improperly preventing the petitioners from removing this cause from the District Court of Shawnee County, Kansas, to the United States District Court for the District of Kansas as prayed for herein, and for no other purpose. The plaintiff knew at the time of the bringing of this action that the said Gayle Smith and R. E. Browning were nominal and unnecessary parties and parties against whom the plaintiff could establish no liability, but the plaintiff with this knowledge joined the said Gayle Smith and R. E. Browning as defendants to prevent the removal of this cause, and not in good faith. * * *"

Thereafter, on November 27, 1962, these same defendants filed motions to quash the respective summons and service of summons made upon them for the reason that they were not issued, served, nor returned according to law.

Then, on December 7, 1962, the plaintiffs filed motions to remand the cases to the District Court of Shawnee County, Kansas, for the reason that the requisite diversity of citizenship for Federal Court jurisdiction is not present.

On December 19, 1962, the defendant R. E. Browning filed an answer denying, among other things, that he purchased an electric fry cooker from Pay Way Feed Mills, Inc., and Roto Broil Corpora-

tion of America and that he sold same to plaintiffs. In addition, on the same date, the defendant Browning filed a motion to dismiss on the grounds that the petitions fail to state a claim against him and that he was wrongfully included as a party to said action to prevent removal of the cause from the Shawnee County District Court to the United States District Court.

Also made a part of the file in these proceedings were the affidavits of defendant Gayle Smith, of Robert F. Hagans, Treasurer of Pay Way Feed Mills, Inc., of defendant R. E. Browning, and of defendant Hearne Christopher. In addition, certified copies of the contracts entered into between Browning and B. C. Christopher & Company were filed.

After·a hearing on February 8, 1963, the plaintiffs' motions to remand were argued and after argument and the receiving of the testimony of defendant Gayle Smith, the parties were granted leave to file briefs.

On March 14, 1963, the plaintiffs wrote a short letter in support of their motion to remand. Then, on March 20, 1963, the plaintiffs filed motions to amend their petitions.

On March 30, 1963, the defendant Pay Way Feed Mills, Inc., filed its brief in opposition to plaintiffs' motions to remand. On May 15, 1963, the defendant Pay Way Feed Mills, Inc., filed answers to the plaintiffs' petitions after withdrawing its motion to quash the service. Also, on May 15, 1963, the Court took under advisement the plaintiffs' motions to amend their respective petitions. Further, on May 15, 1963, the defendant Pay Way Feed Mills, Inc., filed a supplemental brief to support its contention that the matter should not be remanded.

On June 6, 1963, the defendant Roto Broil Corporation of America filed a brief in support of its motion to quash.

To sum up at this point, the Court has not taken under advisement the motions to quash of the defendants who are doing business in a partnership styled as B. C. Christopher & Company, the de-

fendant Roto Broil's motion to quash, the defendant Browning's motion to quash, nor the defendant Browning's motion to dismiss. All that is under advisement is the plaintiffs' motions to remand and the plaintiffs' motions to amend their petitions.

At the outset, the Court will consider whether or not pleadings may be amended after a cause has been removed where there is a question of whether or not removal was proper under the circumstances. The gist of the contention made by the opponents of the motion to remand is that the motion to remand should be determined by the records of the case as it existed at the time it was initially commenced and the time when the petition for removal was filed.

This Court feels that the Federal Rules of Civil Procedure are controlling when actions are removed to this Court. Rule 81(c) so provides:

> "These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. * * * "

Therefore, Rule 15, providing for amended pleadings would be applicable. Rule 15(a) provides that a party may amend his pleading by leave of court, and that leave shall be freely given when justice so requires. Notwithstanding the possibility that a state rule might be different, this Court finds that in this District Rule 15(c) should govern amendments. (See Janis v. Kansas Elec. Power Co. (D.C.1951) 99 F.Supp. 88, affirmed 10 Cir., 194 F.2d 942.) The right to amend a pleading by leave of court then is controlled by this rule and state statutes or rules have no application. Moreover, a motion to amend is clearly a matter vested within the sound discretion of the trial court. However in exercising its discretion this Court must keep in mind that an amendment to pleadings may set up a new claim for relief, and under such circumstances the amendment may be inequitable and should not be allowed. It is this Court's opinion that by

318

allowing this amendment that no new claim for relief has been made. As stated in Volume 1A, Barron and Holtzoff, Federal Practice and Procedure, § 448, at page 761:

"An amendment does not set up a new claim for relief if the claim alleged therein grows out of the same transaction and is basically the same or is identical in the essential elements upon which the right to sue is based and upon which defendant's duty to perform is alleged to have arisen."

As stated further on page 768:

"If we will speak in terms of the claim for relief or the transaction or occurrence or the wrong for which relief may be claimed, and abandon the doctrinaire concept of 'cause of action', we may eventually arrive at a clear and intelligent understanding of what amendments may be allowed which will relate back to the institution of the action."

Having determined that the plaintiffs may amend their pleadings, leave is hereby granted to amend instanter the petitions [complaints] by striking the words in the fourth paragraph of the respective petitions, "in its original carton unopened".

The Court will next consider the plaintiffs' motions to remand. In this regard, the contention of the plaintiffs is best set out in their letter of March 14, 1963, wherein they state:

"* * * 28 U.S.C.A. § 1332 is a jurisdictional statute which requires that where the jurisdiction is based upon diversity and amount, that the action must be between citizens of different states * * * a multitude of cases * * * hold that diversity must be present between the parties on one side as opposed to all parties on the other. Counsel for defendants take the position that our joinder of Gayle Smith, manager of the elevator where plaintiff purchased the alleged defective broiler is a fraudulent one. The Court will note that our complaint is based upon res ipsa and of course we must under this theory prove control and custody of the defective broiler. At the hearing of the motion you will recall that Mr. Smith testified that he managed the elevator for the defendants doing business as a partner ship known as B. C. Christopher and Company. He thus would be an indispensable party to our theory. * * * *"

On the other hand, the defendant Pay Way Feed Mills, Inc., in assuming the "laboring oar" for all of the other defendants, states that 28 U.S.C.A. § 1441 (b) is applicable. The particular sentence said to be applicable is as follows:

"Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

In other words, if a party has been properly joined who is a resident of the same state as the plaintiff, then diversity of citizenship is destroyed and the actions would not be removable to the Federal Court.

It is the defendant Pay Way's contention that the joining of Gayle Smith and R. E. Browning was not proper and that they were, in effect, fraudulently joined to prevent the removal of these causes to the Federal Court.

Under such circumstances, the primary matter to be considered is to determine whether or not the amended petition, judged upon its merits and standing alone, warrant the application of the doctrine of res ipsa loquitur against the resident defendant Gayle Smith. We must keep in mind that three essential elements must be alleged to establish a prima facie case in Kansas: (1) the defendant must have management and control of the instrumentality which, at that time or later, caused the injury; (2) the circumstance must be such that according to common knowledge and the experience of mankind, the injury would not have occurred without negligence on

the part of those having management and control, and that plaintiff's injuries resulted from the occurrence, and (3) that he was free from fault. (Robinson v. Nightingale, 188 Kan. 377, p. 380, 362 P.2d 432.)

This Court feels that the allegations of the plaintiffs' petitions, given a liberal construction and the benefit of all reasonable inferences, state a prima facie case against the resident defendant Gayle Smith. This Court thinks that this defendant could have been in control of the cooker at the time of the negligent acts or omissions which either at that time or later produced the plaintiffs' injuries. It is both reasonable and logical to conclude that the plaintiffs' injuries could have been caused by some negligence on the part of defendant Smith at a time when defendant Smith had custody and control of the fry cooker.

Therefore, it appearing that defendant Smith is a proper party to the claims of these plaintiffs, the requisite diversity of citizenship has been destroyed, and the Court is without jurisdiction to entertain the proceedings.

28 U.S.C.A. § 1447(c) provides:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

The Court did not ignore the excellent brief of defendant Roto Broil Corporation in support of its motion to quash the service of summons in these civil actions. However due to the determination heretofore made, set out in this Memorandum of Decision, it is unnecessary to consider the merits of the motion to quash.

Counsel for the plaintiffs will prepare and submit the appropriate orders for approval and signature.