**In re JOE POWELL & ASSOCIATES, INC., et al., Plaintiffs,**

v.

**INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION, Defendant,**

v.

**NESBITT CORPORATION, formerly Environmental Technologies Corporation, Third-Party Defendant.**

**Adv. Nos. 3–81–0446 to 3–81–0449.**

United States Bankruptcy Court, E. D. Tennessee.

Aug. 26, 1982.

Wilson S. Ritchie, and Ann C. Short, Knoxville, Tenn., for plaintiffs.

John H. Fowler, Fowler & Rowntree, Knoxville, Tenn., for defendant Intern. Tel. and Tel. Corp.

MEMORANDUM AND ORDER ON PLAINTIFFS' MOTIONS TO FILE AN AMENDMENT TO THE PLEADINGS

CLIVE W. BARE, Bankruptcy Judge.

I

The plaintiffs in these four adversary proceedings have each filed motions for leave to file an amendment to their respective pleadings. The motions on behalf of R. I. Greene and Associates, Inc., Engineered Machinery Sales, Inc., and James A. Rankin & Associates, Inc. were filed on June 30, 1982. The motion of the fourth plaintiff, Joe Powell & Associates, Inc. requesting permission to amend, was filed on August 12, 1982. The plaintiffs request permission to amend their respective amended complaints, which were previously filed between January 4 and January 15, 1982, and to delete a paragraph from those pleadings. The defendant International Telephone and Telegraph Corporation (ITT) has filed a response in opposition to the plaintiffs' requests for permission to further amend.

II

On or about April 30, 1981, the plaintiffs filed their separate, lengthy[1] complaints against ITT in the United States District Court for the Eastern District of Tennessee. Applications for removal to this court were filed on May 22, 1981, and each of the four cases was removed pursuant to the provisions of 28 U.S.C.A. § 1478(a) (Supp.1982). ITT filed a third-party complaint against Nesbitt Corporation, formerly known as Environmental Technologies Corporation (ETC), also on or about May 22, 1981. Thereafter, the following material developments occurred:[2]

(1) July 31, 1981: ITT filed a motion for a more definite statement and a motion to dismiss in part.

(2) August 24, 1981: The plaintiffs filed their first motion for permission to file supplemental pleadings.

(3) October 16, 1981: An order was entered granting leave to the plaintiffs to file their supplemental pleadings.

(4) November 6, 1981: An order was entered granting the motion of the defendant ITT to require the plaintiffs to file more definite statements.

(5) December 4, 1981: An agreed order was entered extending the time for the filing of the amended pleadings and the responses thereto.

(6) December 16, 1981: An order was entered granting the plaintiffs' request for an enlargement of time within which to file their amended complaints. A deadline of December 31, 1981, was established by virtue of this order.

(7) January 4, 1982: The amended complaint of James A. Rankin & Associates was filed. The amended complaints of the remaining plaintiffs were filed on different dates within the ensuing eleven day period.[3]

---

1. With one exception each original complaint contained 100 or more separate paragraphs. In fact, the Powell complaint contained 305 separate paragraphs.

2. The developments relate to each of the four adversary proceedings unless otherwise noted.

3. The remaining amended complaints were filed as follows:

(8) February 1, 1982: An order was entered denying the January 14, 1982, motion of ITT to dismiss due to the plaintiffs' failure to timely file the amended complaints.

(9) February 16, 1982: ITT filed motions to dismiss in part the amended complaints for failure to state a cause of action upon which relief could be granted.[4]

(10) June 30, 1982: Three of the plaintiffs filed motions for leave to file amendments to their pleadings.[5]

(11) August 3, 1982: A Memorandum and Order denying the February 16, 1982, Motion To Dismiss of ITT was entered. However, the order did provide for the dismissal of one of the causes of action alleged by the plaintiffs.

(12) August 11, 1982: ITT filed its response in opposition to the plaintiffs' requests to amend.

(13) August 12, 1982: A motion for leave to file an amendment to the pleadings was filed on behalf of Joe Powell & Associates, Inc.

### III

The plaintiffs propose to supplement paragraphs 20, 69, and 137 of the Amended Complaints which were filed in January of 1982, and to delete paragraph 105 of those pleadings and to substitute a new paragraph numbered 105. The substance of the proposed supplementary allegations concerns the following matters:

(1) detailed reporting procedures which the plaintiffs were required, by ITT, to follow;

(2) sales representative council meetings with ITT management personnel during September 1978 in New York City and in February 1979 in LaCosta, California, and statements purportedly made at those meetings;

(3) commitment of plaintiffs' financial resources and personnel as requested by ITT and the failure of ITT to notify or advise plaintiffs that divestiture or liquidation was anticipated;

(4) reliance by the plaintiffs upon representation made by ITT management personnel which the plaintiffs allege were made with knowledge of the falsity thereof;

(5) plaintiffs' contractual obligations which were the result of pre-divestiture activities and the concomitant necessity of doing business with ETC, the successor of ITT-Nesbitt.

The plaintiffs submit that the proposed amendments are necessary to clarify the factual circumstances related to the divestiture and to add a cause of action based on promissory estoppel. The plaintiffs further submit that the defendant ITT is not prejudiced in its defense on the merits by the proposed additions to the pleadings since:

(1) ITT has taken the position that the plaintiffs had notice of the sale of the ITT-Nesbitt Division and plaintiffs could not reasonably have relied upon the statements which plaintiffs allege to be misrepresentations; and

(2) ITT has not filed a responsive pleading.

The plaintiffs note that Rules Bankr. Proc. Rule 715, 11 U.S.C.A. (1977), provides for the application of Rule 15 of the Federal Rules of Civil Procedure in an adversary proceeding in a bankruptcy case. Fed. Rules Civ.Proc. Rule 15(a), 28 U.S.C.A. (1981), provides in apposite part:

A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served . . . . Oth-

Joe Powell & Associates, Inc.      January 11, 1982

R. I. Greene & Associates, Inc.      January 14, 1982

Engineered Machinery Sales, Inc.      January 15, 1982

4. ITT did not request the dismissal of the causes of action related to allegations of purchase orders accepted in writing by ITT-Nesbitt prior to divestiture.

5. As noted in the introductory paragraph, a similar motion was filed on August 12, 1982, on behalf of plaintiff Joe Powell & Associates, Inc.

erwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The plaintiffs note that this rule "encourages the court to look favorably on a request to amend," and that the federal courts have "repeatedly reinforced" the proposition that leave to amend should be "freely given when justice so requires." E.g. *Seals v. Quarterly County Court of Madison County,* 526 F.2d 216, 219 (6th Cir. 1975); *McDowall v. Orr Felt & Blanket Co.,* 146 F.2d 136 (6th Cir. 1944).

ITT conceded during oral argument that the plaintiffs should be permitted to supplement the pleadings to add the cause of action based on promissory estoppel. That concession, however, marked the end of any agreement between the opposing parties.

ITT argues that the cases have been pending before the court for a period of fifteen months and that this is the third amendment to the complaints sought by the plaintiffs. It is ITT's position that the proposed additional allegations, with the exception of those related to the alleged cause of action based on promissory estoppel, namely, the allegations supplementing paragraph 137, add nothing to the pleadings and that the plaintiffs will not be prejudiced by disallowing the remainder of the requested amendment. Thus, it is ITT's position that the amendments are unnecessary.

ITT asserts that the court should not allow the plaintiffs to delete the language found in paragraph 105 of the amended complaints of the plaintiffs which were filed in January of 1982. ITT maintains that the text of the allegation in paragraph 105 constitutes a judicial admission. The language in question is as follows:

> Pursuant to the agreements between ITT and ... [the plaintiff] for ... [plaintiff's] services as a sales representative and service contractor, ... [plaintiff] could terminate his services upon written notice to ITT. Plaintiff ... therefore, was not contractually obligated to do business with or supply services to whomever might purchase or acquire the ITT-Nesbitt Division.

## IV

The court will initially address the issue of the proposed additional allegations and thereafter discuss the proposed deletion of the language just quoted.

## A

■ The decision whether to allow amendment of a pleading is committed to the discretion of the trial court. *Barrett v. Independent Order of Foresters,* 625 F.2d 73 (5th Cir. 1980). The text of Rule 15(a) itself offers instruction in the exercise of this discretion by providing that "leave shall be freely given when justice so requires." *The court notes that the instruction to freely permit amendment of the pleadings is qualified and not absolute. Permission to amend should be granted when required in the interest of justice.*

The United States Supreme Court, through former Justice Goldberg, has expressed its view on the issue of permissive amendment, as provided for in Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiences by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ *It is true that more than one year* has elapsed since the filing of the complaints which commenced these actions. However, that fact does not necessarily establish undue delay considering the nature of this litigation. Furthermore, although counsel for the plaintiffs did not so state during oral argument on the issue of the

instant motions, the inference based on statements of defense counsel is that plaintiffs have uncovered additional facts during the discovery process which prompted the proposed amendments to the pleadings. The necessity to amend a pleading may not be apparent until the completion of discovery or even until the completion of testimony at trial. See Fed.Rules Civ.Proc. Rule 15(b), 28 U.S.C.A. (1981). An absolute limitation period after which amendment would be impermissible is impractical. "It would be unreasonable to restrict a party's ability to amend to a particular stage of the action inasmuch as the need to amend may not appear until after discovery has been completed or testimony has been taken at trial." Wright & Miller, Federal Practice and Procedure: Civil § 1488 (1971).

There is no evidence or suggestion of either bad faith or a dilatory motive on the part of the plaintiffs in requesting amendment. There is also no evidence in the record that the plaintiffs have failed to cure deficiencies in their pleadings.[6] Since futility of the amendment process is not a consideration, the only remaining concern is whether ITT will be prejudiced by allowing the additional allegations.

█ Based on the standards announced in *Foman, supra,* prejudice to an opponent is a sufficient basis for denying a request to amend a pleading. An absence of prejudice to ITT, having eliminated the other reasons for denying the requested amendment outlined in *Foman,* should result in allowance of the motions of the plaintiffs to amend, insofar as they seek to supplement their allegations. The court observes that ITT has adopted the position in its response to the motions to amend, filed on August 11, 1982, that, with the exception of the paragraphs alleging the new cause of action, namely, the paragraphs supplementing paragraph 137 concerning promissory estoppel, the additional paragraphs "add nothing to the existing allegations."

The court finds that the facts in the cases cited in ITT's memorandum supporting its response opposing the motions to amend are distinguishable from the facts in the instant cases. Amendment of the pleadings would clearly have been prejudicial to the defendant in *Troxel Manufacturing Co. v. Schwinn Bicycle Co.,* 489 F.2d 968 (6th Cir. 1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974). A decision on the merits had already been obtained in *Troxel* when amendment of the complaint was sought. The request to amend in *Conklin v. Joseph C. Hofgesang Sand Company, Inc.,* 565 F.2d 405 (6th Cir. 1977), was filed two weeks after the filing of the district court's memorandum opinion on the merits. Factors aside from, or in addition to, prejudice to an opponent by permitting amendment were involved in the remaining cases cited by ITT.

### B

█ There is a paucity of reported decisions on the issue of whether a party should be allowed to amend his pleading to delete allegations. Neither the plaintiffs nor the defendant have cited any case authority on this issue and the only cases the court has discovered in the course of its research are *Russell v. Pay Way Feed Mills, Inc.,* 221 F.Supp. 314 (D.Kan.1963); *Bernstein v. Nederlandsche-Amerikaansche Stoomvaart-Maatschappij,* 76 F.Supp. 335 (S.D.N.Y. 1948); and *Kaiser-Frazer Corp. v. Otis & Co.,* 8 F.R.D. 364 (S.D.N.Y.1948). The plaintiff in each of these cases was allowed to amend the pleading to delete certain allegations. However, the decision to allow amendment in each case was merely conclusory. There was no detailed analysis which might have been helpful to the court in resolving the issue at hand.

It is to be remembered that the text of the applicable section of the rule provides that "leave shall be freely given when justice so requires." Does the interest of justice require that the court deny the plain-

---

**6.** Amended complaints were filed subsequent to the approval of the ITT motion for a more definite statement.

tiffs' request to delete paragraph 105 of the Amended Complaints filed during January of 1982 on the basis that the paragraph is a judicial admission, as contended by defendant ITT, that the plaintiffs were not "contractually obligated to do business with or supply services to whomever might purchase or acquire the ITT-Nesbitt Division?"

In the exercise of its discretion, the court will permit the plaintiffs to amend their pleadings so as to delete paragraph 105 as it presently reads in the Amended Complaints filed during January of 1982. ITT may assert that the plaintiffs were not contractually bound to do business with ETC in any responsive pleadings which it may file. The issue can be decided on the merits, if necessary, after a consideration of the relevant circumstances and facts. A decision on the merits of the issues is clearly desirable. *See McHenry v. Ford Motor Co.,* 269 F.2d 18, 25 (6th Cir. 1959).

IT IS SO ORDERED.